Durrett v. Stewart, &c.

CASE 103—PETITION EQUITY—JUNE 6.

| 88 | 665 |
| 93 | 641 |

| 88 | 665 |
| 136 | 685 |

## Durrett v. Stewart, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. TAX TITLE—PLEADING.—Where a party relies on a tax title he must show in his pleading that each step required under the law to be taken in reference to subjecting the property to taxation, and a sale of it for taxes, has been complied with.
2. ESTOPPEL.—In this action to quiet the title to real estate, the defendant claims under a purchase from a corporation of which he was the President. Subsequent to the time of his purchase he, by his declarations and conduct, induced the plaintiffs to litigate with the corporation the question as to the title to the property in controversy, that litigation resulting in favor of plaintiffs. Held—That the defendant is now estopped to assert title.
3. AN AMENDMENT OF THE PRAYER OF THE PETITION so as to make it conform to the cause of action set forth in the petition, was not a new and distinct cause of action.

BULLITT & SHIELD FOR APPELLANT.

1. To authorize an action *quia timet* the plaintiff must have legal title and possession, and to recover must allege and prove both. (Barker v.

Durrett v. Stewart, &c.

Warren, 6 Ky. L. R., 86; Kincaid v. Magowan, 6 Ky. L. R., 102; Washburn on Real Property, vol. 3, secs. 149, 150.)

2. An allegation of holding under color of title is equivalent to an allegation of adverse holding, and any sale by another of property so held is champertous. (Washburn on Real Property.)

3. Where acts of possession are so unequivocal and notorious as to be necessarily known to all, there is no necessity for other evidence to charge the real owner with knowledge. (Washburn on Real Property, vol. 3, secs. 150, 151; 7 Wend., 62; 6 Pick., 172.)

4. Upon an amendment changing substantially the cause of action there must be process and service, otherwise the decree will be void. Stone v. Connelly, 1 Met., 654; Jones v. Lusk, 2 Met., 356; Clarkson v. Morgan, 6 B. M., 441; Peers v. Carter, 4 Litt., 469.)

RANDOLPH H. BLAIN and SHACKELFORD MILLER for appellees.

1. In this action to quiet title plaintiff shows both legal title and possession, which entitles him to recover. (Acts of 1854, p. 149; Barker v. Warren, 6 Ky. L. R., 88.)

2. The court having jurisdiction of the person and of the subject matter, its judgment is not void, however erroneous, and such judgment is binding until reversed. (Freeman on Judgments, sec. 135; Hynes v. Oldham, 3 Mon. 267; Stevenson v. Hauser, 39 N. Y., 306; Furnish v. Austin, 9 Ky. L. R., 882.)

3. An amendment to the prayer of a petition asking such relief as the allegations of the petition authorize is not such an amendment changing the cause of action as to necessitate issual and service of summons. (Rutledge v. Vanmeter, 8 Bush, 356; Joyce v. Hamilton, 10 Bush, 545; 9 Bush, 728; Civil Code, sec. 134; Downing v. Bacon, 7 Bush, 680.)

4. To render a sale of land champertous it must be in the adverse possession at the time of sale. It is not sufficient that there was adverse possession at time of judgment. (Gen. St., 252, sec. 2.)

5. Possession is presumed to be amicable and in accord with the true title and legal possession of the owner. (Jones v. Hackman, 12 Iowa, 107; Jackson v. Thomas, 16 Johns, 293; Stephens v. Hauser, 39 N. Y.)

6. Adverse possession must be actual, open, continuous, hostile and exclusive, accompanied with the intention to claim adversely. (Nuger v. Mooney, 63 Col., 586; Sparrow v. Hooney, 44 Mich., 63; Armstrong v. Morrill, 14 Wall., 145; Wood v. Drouthett, 44 Texas, 370; Turpin v. Saunders, 32 Gratt., 27; School District v. Lynch, 33 Conn., 334; Thompson v. Pische, 44 Cal., 308; Abercrombie v. Baldwin, 15 Ala., 370; McClung v. Ross, 5 Wheaton 116; Wilson v. Watkins, 3 Pet., 51; Denham v. Hollman, 26 Ga., 191.)

7. An action by one for the benefit of another, prosecuted with the knowledge and consent of the latter, is binding upon and precludes the one

Durrett v. Stewart, &c.

for whose benefit the action was prosecuted, although he was not a party of record. (Green v. Clark, 12 N. Y., 343; Kent v. Hudson R. R., 22 Bart., 278; Love v. Gibson, 2 Fla., 598; Miles v. Caldwell, 2 Wal., 35.)

8. Thirty years' possession without paper evidence of title gives perfect title. (Medlock v. Suter, 85 Ky., 105; Landers v. Barbee, 8 Ky. L. R., 773.)

9. One claiming land under a sale for taxes assumes the burden of proving that every requirement of the statute for such sales has been complied with. (Cooley on Taxation, 353; Helm v. Payne, 1 Ky. L. R., 350; Gomer v. Chappee, 4 Ky. L. R., 738; Covington v. People's Building Association, 4 Ky. L. R., 258; Leach v. Kendall, 13 Bush, 427.)

10. Any peaceable ouster of one wrongfully in possession is justified by the law. (Depuy v. Williams, 26 Cal., 309; Wood v. Phillips, 43 N. Y., 152; Rogers v. Moore's Heirs, 9 B. M., 403; Francisco v. Hulde, 37 Cal., 353; Jones v. McCauley, 2 Duvall, 15; Bradley v. West, 60 Mo., 33; Murphey v. Welder, 58 Texas, 241; 62 Wis., 106.)

11. In conflict of possessions or of possession under different claims of right, where a constructive possession is called in question, such possession follows the title or better right. (Kitchen v. Wilson, 80 N. C., 191; Smith v. Burtis, 6 Johns, 218; Hunt v. Wickliff, 2 Pet., 201; Bonet v. Turner, 2 Hay, 113; Hunnicut v. Peyton, 102 U. S., 368; Jones v. McCauley, 2 Duvall, 15; Clark v. Courtney, 5 Pet., 353; Brady v. Huff, 75 Ala., 83; Hamilton v. Wright, 30 Iowa, 480; Layson v. Galloway, 4 Bibb, 100; Fowke v. Darnall, 5 Litt., 317; Whitney v. Wright, 15 Wend., 171.)

12. An action to quiet title to land not in the actual occupancy of another will lie, where plaintiff exhibits superior title. (McDowell v. King, 4 Dana, 67; Hall v. Franklin Acad., 16 B. M., 474; Christie v. Scott, 14 Howard, 292; Turner v. Thomas, 13 Bush, 518; Sowder v. McMillan, 4 Dana, 460.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

In June, 1887, the appellees instituted this action in equity, in the Louisville Chancery Court, against the appellant, for the purpose of quieting their title to the lot of ground, lying in the city of Louisville, in controversy. The proper allegations of ownership and possession were made. The appellant denied these allegations, and alleged that he was the owner, and in possession of the lot of ground at the time the action was brought.

Appellees' reply set up grounds of estoppel against the appellant's claim of title and possession. The Chancellor having rendered judgment quieting the appellees' title to the lot, the appellant has appealed to this court.

In the year 1818 James Stewart, the appellees' father, and Jacob Frederick made a joint purchase of said lot of ground. In 1830 James Stewart paid off a balance of unpaid purchase money due on said lot; Jacob Frederick thereby became indebted to James Stewart for one-half of said sum. In June, 1884, James Stewart and Jacob Frederick having died years before, the appellees, as heirs of the former, instituted an action in equity against the unknown heirs of the latter and the Louisville Abstract and Loan Association, in which they claimed, that by reason of said payment by James Stewart they were entitled to a conveyance of Jacob Frederick's interest in said lot; also, that said association claimed to be the owner of said lot by virtue of a purchase from the city of Louisville, the city of Louisville claiming to have purchased the same at her sale of the lot for city taxes; they claimed that the city's sale of the lot was without authority, etc., and the association had no title to said lot. Thereafter the prayer of the appellees' petition was amended so as to assert a lien on Frederick's half of the lot, and to ask a sale of it to satisfy his half of the purchase money that James Stewart had paid.

On the 7th day of December, 1885, the said association filed an answer disclaiming having any title to said property, and on the 13th day of January, 1886, judgment was rendered establishing the appellees' and Frederick's title to said lot, and declaring that said association had

no title to the same, and establishing the appellees' lien on Federick's half of the lot, and ordering its sale to satisfy said lien.   The sale was made and confirmed, and the appellees having become the purchasers, they, according to the return of the marshal on the writ of possession, were put in possession of the property.

It is clear, from what appears in the record, that James Stewart and Jacob Frederick were the owners of this property; that neither of them parted with his title in his lifetime; that a lien existed on Frederick's half of the property in favor of James Stewart, which survived to the appellees; that the Chancellor did right in enforcing it, unless, as the appellant claims to have derived title from the Abstract Association, he did in fact acquire such title, or unless he is estopped from asserting such title, if he in fact acquired it.

The appellant alleges that the Abstract Association, his immediate vendor, acquired the title to the lot by virtue of a sale of it by the city of Louisville to satisfy the taxes due the city on it.

It is well settled in this State, that a sale of property for taxes is void unless each legal step that the law requires, in order to subject it to sale, has been complied with; and no presumption in favor of the regularity or legality of the sale arises from the fact that the sale was made, even by the proper authority.   The only allegation in reference to the sale is, that the property was sold for taxes due the city for the years 1874, 1875, 1876, etc., and the city purchased it.   These allegations are not sufficient to establish title in the city of Louisville. Whenever a party relies on a tax title he must show, in

his pleading, that each step required under the law to be taken in reference to subjecting the property to taxation, and a sale of it for taxes, has been complied with. Therefore the appellant has shown no title whatever to this property.

It is admitted in the pleadings that the appellant in 1882, as president of the Abstract Association, filed a petition sworn to by himself, in the Louisville Chancery Court, against the unknown heirs of Jacob Frederick and James Stewart, in which said association's supposed title was set up, and a deed was sought from said heirs, etc.    The appellees, upon their petition, were made parties to this action, and they asserted their right to the property, and the litigation continued until the 30th day of November, 1885, when the association's action was dismissed.   Also, on the 7th day of June, 1884, the appellant, as the president of said association, swore to and filed another petition in said court against the appellees and the unknown heirs of Jacob Frederick, in which the same facts as in the suit filed in 1882 were set up, and the same relief asked for.   The appellees filed answer to this suit, putting in issue the association's right to the property, and on the 16th day of November, 1885, the association's action was dismissed.   Also, on the 18th day of June, 1884, the appellees instituted an action against the unknown heirs of Jacob Frederick and the Abstract Association, for the purpose of subjecting Frederick's part of the lot to the lien mentioned, and of setting aside the supposed tax title of the association.   Summons was served on the appellant as the president of the association; the association did

not answer, disclaiming title, until in December, 1885; in January, 1886, decree was rendered for the sale of Frederick's half of the lot; the sale was made, the appellees were purchasers, and were put in possession.

The appellant claims to have purchased this lot from the association in April, 1884. Is he not estopped to set up title hostile to that of the appellees? We think so. He, as president of the association, signed and swore to the first petition filed by the Abstract Association, in which it was alleged that the association was the owner of the property, etc. This suit was continued on the docket for more than a year after the appellant's purchase from the association, without any suggestion from him that he was the owner of the property. In November, 1884, after the appellant's supposed purchase, the appellees instituted their action against the Abstract Association, asserting title to this property, in which summons was served upon the appellant as president of the company; and, on the 7th day of June, 1884, after the appellant's alleged purchase from the company, he signed and swore to the company's petition against the appellees, in which he alleged that the company was the owner of this property. This action was litigated until in November, 1885, when it was dismissed, and the appellant never caused an answer to be filed to the appellees' action filed November, 1884, until in December, 1885, and let judgment be rendered to the effect that the association had no title to the property, and adjudging the appellees to be the joint owners of it, precisely as they had claimed to be in the action signed and sworn to by the appellant after his alleged purchase. He let half of the property

be sold, and the appellees put in possession of it, without as much as an intimation that he had purchased the property from the association. He was not only silent, but said to the appellees, after his pretended purchase, that the Abstract Association was the owner of this property, and by his declarations and conduct induced them to litigate the question as to the title with said association. If such conduct does not estop a person, what does? If he had said to the appellees, in so many words, buy this property from the association, it has title to it, he undoubtedly would have been estopped to assert title in himself. It seems clear that his conduct, as above indicated, equally estops him from asserting either title or possession as against the appellees.

The facts set forth in the appellees' petition against the association and unknown heirs of Frederick, showed that the appellees were not entitled to a conveyance of Frederick's half of said lot, but that they were entitled to sale of the same to satisfy the lien thereon. Therefore, the amendment of the prayer of the petition, so as to make it conform to the cause of action set forth in the petition, was in no sense a new and distinct cause of action.

The appellant has nothing to do with the question as to whether or not the unknown heirs of Frederick were properly warned. He is estopped to deny the appellees' right of property or of entry upon it.

The judgment is affirmed.