Gooch v. Benge.

CASE 65—PETITION EQUITY—SEPTEMBER 18

# Gooch v. Benge.

APPEAL FROM MADISON COURT OF COMMON PLEAS.

1. THE AUDITOR'S DEED TO LAND sold by an Auditor's Agent for taxes must, in order to vest the title in the grantee, contain such an intelligible and accurate description of the land as to secure identification of it without reference to, or inspection of, other papers, or aid of extrinsic evidence.

An Auditor's deed describing the land conveyed as "thirty acres of land located in Yates' precinct, Madison county, Kentucky, adjoining the lands of William Witt," was not sufficient to pass the title.

2. RIGHTS OF GRANTEE UNDER INSUFFICIENT AUDITOR'S DEED.—The plaintiff in this action to recover land under an insufficient Auditor's deed, not being entitled to the land, was entitled to judgment for the amount, five dollars, bid by him at the sale, together with twenty per cent. interest thereon, and a sale of the land to satisfy his claim, but the omission of the court to render such a judgment is not sufficient ground for reversal, inasmuch as plaintiff failed to accept the money when tendered by the defendant, and may still recover it.

S. D. PARRISH FOR APPELLANT.

No brief in record.

C. F. & A. R. BURNAM for appellee.

1. Certainty in the description of land ordered to be sold is indispensable
   to the validity of the sale.

   A levy must describe the land levied on with sufficient certainty to
   enable it to be identified without other evidence. (Rorer on Judicial
   Sales, sec. 577; Shields v. Butts, 5 J. J. M., 13; 3 Humph., 629; 3
   Yerg., 388; 1 Har. & J., 449; 2 McLean, 59; Evans v. Ashley, 8
   Mo., 177; Rector Hortt, *Ib.*, 448.)

   In sales under equity decrees the decree must accurately describe
   the land the commissioner is ordered to sell, without reference to any
   other paper or pleading in the cause; otherwise, a sale under such
   decree will be set aside. (Lawless v. Burger, 9 Bush, 665; Ross v.
   Adams, 13 Bush, 370; Posey v. Green, 78 Ky., 168; Washburne on
   Real Property, vol. 3, 235.)

2. The appellant was not entitled to judgment for the amount of his bid,
   with interest, as he did not ask such relief, and failed to accept the
   money when tendered.

JUDGE LEWIS delivered the opinion of the court.

Appellant, claiming title under a conveyance to him
from the Auditor of Public Accounts, brought this
action to recover of appellee a tract of land described
in the deed as follows: "Thirty acres of land located
in Yates' precinct, Madison county, Kentucky, ad-
joining the lands of William Witt, and listed for the
year 1881 in the name of Rice Benge, being the same
property sold for taxes under an act of the General
Assembly, entitled 'An act to amend the revenue
laws,' approved May 6, 1880, and purchased by the
party of the second part, as certified to said Fayette
Hewitt, Auditor aforesaid, by Rankin Mason, Audi-
tor's Agent, duly appointed and qualified for the
county of Madison, State of Kentucky."

Section 1 of the statute referred to being now part
of chapter 92, General Statutes, requires the Auditor
to "make out for each county a list of all lands
which may have been returned to him as having been

sold in that county, and bought in by the State for taxes, or other indebtedness to the State, upon which the equity of redemption shall have expired, *describing* such lands, and charging them with the amount of delinquent tax," &c.

By section 2 he is required to cause a copy of such list to be published for four weeks, together with notice that so much of said lands as may be necessary to discharge the taxes, &c., which may be due thereon, will be sold at public auction.

Section 6 provides that after payment of the purchase price shall be made, the agent of the Auditor shall give to the purchaser a certificate in writing, *describing* the land so purchased, and the sum paid, which certificate shall entitle the holder to possession of the premises therein *described;* and on presentation of such certificate to the Auditor he shall receive a deed thereto, which shall vest in the grantee an absolute estate in fee-simple.

Being, in substance, so provided as to such cases in section 19, it must be presumed here, in absence of allegation and proof by appellee to the contrary, that the land attempted to be described in the deed was subject to taxation at date of the assessment of the tax for which it was sold; that the taxes, for non-payment of which the land was sold, were not paid to the proper officer within the time limited therefor; that it had been assessed for taxes, for non-payment of which it was sold; that it had not been redeemed pursuant to law, and that no certificate in proper form had been given by the proper officer within the time limited by law for paying the tax, or

redeeming from sale made for non-payment thereof, stating that no taxes were due, or that the land was subject to redemption.

But manifestly there may be, and in section 20 express provision is made in contemplation of, possible existence of causes, other than those enumerated in section 19, which will render conveyances by the Auditor invalid and ineffectual to pass tax titles to purchasers. One of such indispensable conditions is that land shall, as provided in section 1, be described by the Auditor in advertising sale of it; and also, as provided by section 6, in the certificate given by the agent of the Auditor to the purchaser; for without description of each tract a fair sale could not be made; the holder of the certificate could not legally claim, nor be put in possession; nor could the Auditor's deed, made, as it must, in accordance with the certificate presented to him, be rendered at all certain as to the land conveyed, nor, consequently, effectual for any purpose.

The main inquiry then is, whether the description contained in the deed in question is definite and certain enough to pass title of the land in dispute to appellant, or, in language of the statute, "vest in the grantee an absolute estate in fee-simple."

Section 14 provides that "the sale of lands shall not be invalid on account of such having been listed or charged in *any other name* than the rightful owner." But the statute contains no other rule by which the degree of certainty in the description required is to be ascertained and determined, nor has the precise question now presented been heretofore passed on by this court.

In Allen v. Robinson, 3 Bibb, 326, there was a vari-
ance as to the *quantity* of land between the list sent·
out by the Auditor, and the certificate of purchase
and the deed to the purchaser, which was held not
to invalidate the title, this language being used: "The
law regulating the conduct of the Auditor does not
require any particular description to be observed, and
every purpose of justice is abundantly answered by a
description which *clearly* shows the tract intended."

In Graves v. Hayden, 2 Littell, 62, the court said:
"We can perceive, in fact, no possible principle upon
which a mistake in quantity of the tract sold for taxes,
if there be otherwise a sufficient description to *identify*
it, can be held to vitiate the sale."

Though, under the statute in question, a mistake
as to the person's name in which the land may be
listed or charged will not invalidate the sale; nor, as
seems to be settled by this court, will a mistake in
the quantity of land, vitiate the sale; nevertheless,
the description must be sufficient in the language of
one of the cases cited "to clearly show the tract in-
tended," and of the other to "identify it," neither
of which can be done, it seems to us, unless the actual
location or boundary be accurately described; and it
was, therefore, said in Currie v. Fowler, 5 J. J. M.,
145, that, while a variance in quantity might be cured
by other evidence establishing the identity of the land
sold, there was no case which formed a precedent for
getting over a variance in the water-course upon which
the land was situated. It is true there existed, when
the land was sold in that case, a statute requiring the
water-course on which the land was situated to be

mentioned; but the design of that statute, as said in the case cited, was "to indentify the tract, and enable the officer in his advertisement to describe it accurately, if it became necessary to sell it, and to enable those who might be disposed to purchase to find it by description, to ascertain its value, and to regulate their bids accordingly." And, although there is now no statute containing that special requirement, the reason still exists for such an accurate description of land listed and sold for taxes as will enable the officer selling and those disposed to purchase to find it, and ascertain the character of it by the description given.

In Lawless v. Barger, 9 Bush, 665, which was an action to enforce a vendor's lien, it was held that the judgment in such case should be so certain and specific in its direction to the commissioner in the description of the property to be sold by him, as well as other duties to be performed in its execution, as would enable that officer to discharge those duties without reference to any other paper or pleading in the case, and the commissioner should be equally as definite in making his report. And in Ross v. Adams, 13 Bush, 370, it was said that interest of parties to judicial sales, as well as of purchasers, invoked a strict adherence to previous adjudication on that subject.

We perceive no reason why the same rule should not be applied to sales and conveyances of lands for taxes; for direction of the Auditor to his agent to sell land for non-payment of taxes is in the nature of a judgment, and as effectual as the direction of the chancellor to sell land for non-payment of a debt, with the difference that the owner in the latter case,

has notice by actual summons before judgment is rendered, while the other has not.

In our opinion, according to a reasonable construction of the statute, there should be in the certificate given to the purchaser, and, consequently, in the deed executed by the Auditor, such an intelligible and accurate description of land sold for non-payment of taxes as to secure identification of it, without reference to or inspection of other papers.

The description given in the deed to appellant, which is of course the same as that in the certificate of purchase, is too meager and uncertain to enable any person to thereby identify the land; for, though the quantity of land, the precinct in which it is situated, and the fact it adjoins the lands of William Witt, are stated, it does not appear which one of several tracts he may own it adjoins, on which side or end of any one of them it lies, nor is the course of any line or situation or character of any land-mark or other object mentioned.

In our opinion, the land which appellant seeks to recover is not described in the deed under which he claims, as required by the statute, and, consequently, he did not acquire a valid title thereto.

Although appellant was entitled to judgment for the amount, five dollars, bid by him at the sale, together with twenty per cent. interest thereon, and a sale of the land to satisfy his claim, the lower court inadvertently failed to render such judgment; but we do not consider that omission sufficient ground for reversal, inasmuch as appellant failed to accept the money when tendered by appellee, and may still recover it.

Judgment affirmed.