Case 22—PETITION EQUITY—April 14.

# Whipple, &c., v. Earick, &c.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. In an action to quiet title to land it is not necessary that the petition should aver the nature of the adverse claim and point out its defects. And although the statements of the petition do not amount to an averment that the defendant is claiming adversely, yet if the answer sets forth the nature of defendant's claim and shows that it is adverse, this cures the defect in the petition.

2. To maintain an action to quiet title the plaintiff must have both the possession and the legal title.

3. Adverse Possession.—A tenant may, by open and notorious renunciation of his allegiance to his landlord, hold adversely to him. And in like manner an agent may manifest an intention to hold for himself and against his principal.

   Where the widow of a debtor, as she was leaving for a distant State, placed the creditor of her deceased husband in possession of a tract of land which belonged to the decedent under an agreement that she would soon send him what was owing him or a deed to the property, it is to be presumed that after a reasonable time his possession was not friendly, but adverse. But in addition to that presumption there is positive proof in this case that the creditor, after a few years, began to hold and claim the property adversely, and that his adverse claim was open, notorious and continued for such a length of time as to ripen into a perfect title prior to the bringing of this action by his heirs to quiet the title.

4. The continuity of plaintiffs' possession was not in law broken by the unlawful entry of another, as they at once sued out a writ of forcible entry and were again put into possession under the judgment of the court.

5. The attempt of the defendants in an action to quiet title to take possession pending the action can not affect the possession which the plaintiff had at the bringing of the suit.

6. The burden is upon one who claims land under a tax sale to prove that taxes were duly assessed, which were a charge upon the land, and that the successive steps necessary to a lawful sale thereunder were taken.

7. Personal Judgment Against Married Woman.—It is error to render personal judgment against a married woman for cost.

JOHN S. JACKMAN FOR APPELLANTS.

1. It was error to render a *personal* judgment against Jennie Whipple, shown by the record to be a married woman, and especially to direct that the execution be levied on her general estate. (Sweeney v. Smith, 15 B. M., 327; Agnew v. Williams, 1 Bush, 7.)

2. It was error to charge appellants with any part of the one hundred and fifty-five dollars fee allowed the attorney for the unknown heirs of Low and taxed as part of appellees' costs in the court below, the appellants being in no way responsible therefor.

3. In order for the plaintiff to maintain his suit in equity, to quiet title, he must have both the legal title and possession of the land. (Kincaid v. Magowan, 6 Ky. Law Rep., 102; Smith v. Gatliff, 9 Ky. Law Rep., 553; Moses v. Gatliff, 11 Ky. Law Rep., 356; Wales v. Grosvenor, 31 Wis., 681.)

4. Plaintiffs not only failed to establish possession of the property, but they failed to show title.

To constitute adverse possession there must be a sufficient inclosure or an actual occupancy, and this must be *continuous*. (Jones v. Mc-Cawley's Heirs, 2 Duv., 14; Wickliffe v. Ensor, 9 B. M., 259.)

The payment of taxes on land does not constitute adverse possession. (Raymond v. Morrison, 59 Iowa, 375; Town Lot Co. v. Wilson, 50 Iowa, 424; Ruffin v. Overby, 88 N. C., 369.)

5. In actions *quia timet* the plaintiff must set forth the nature of defendant's claim and point out the defects therein. (Jenks v. Hathaway, 48 Mich., 538; Wales v. Grosvenor, 31 Wis., 681.)

6. The evidence shows that all the necessary steps were taken to make the tax deed to Mrs. Whipple valid. (Durrett v. Stewart, &c., 11 Ky. Law Rep., 172.)

RANDOLPH H. BLAIN FOR APPELLEES.

1. The chancellor's judgment should be sustained upon appeal, unless it is reasonably certain that it is erroneous. (Bowman v. Cornelison, 11 Ky. Law Rep., 137; Deshazer v. Deshazer, *Idem*, 159; Woolsey v. Dandridge, *Idem*, 138.)

2. This is a suit *quia timet* authorized by the Act of 1854, which is still in force. (Baker v. Warren, 6 Ky. Law Rep., 88.)

3. Plaintiffs took proof to show that the law had not been complied with, and that the tax deed relied upon by defendants was, consequently, void. This was competent. (Lockridge v. Doggett, 54 Iowa, 382; Chandler v. Keeler, 46 Iowa, 596; Tully v. Baner, 52 Cal., 487.)

4. The claimant of land under a sale for delinquent taxes must take upon himself the burden of proving that taxes were duly assessed, which were a charge upon the land, and that the successive steps were taken which led to a lawful sale therefor at which he, or some one under whom he claims, became the purchaser. (Cooley on Taxation, p. 353;

Helm v. Payne, 1 Ky. Law Rep., 330; Conner v. Chappee, 4 Ky. Law Rep., 738; City of Covington v. People's Building Association, *Idem*, 258; Durrett v. Stewart, 11 Ky. Law Rep., 176; Leach v. Kendall, 13 Bush, 427; McKee v. Walker, 2 Ky. Law Rep., 320.)

Husbands v. City of Paducah, 5 Ky. Law Rep., 193, criticized.

5. An actual, continuous adverse possession for a period of fifteen years, whether immediately before the institution of the suit or not, will ripen into a perfect title. (Gen. Stats., p. 625, sec. 1; Landers v. Barbee, 8 Ky. Law Rep., 773; Warmoth v. Fitchen, 6 Ky. Law Rep., 585; Fibel v. Richings, 5 Ky. Law Rep., 312; Fowler v. Trustees of Lexington, 3 Mar., 251.)

This case meets the requirements of the rule that "possession must be actual, continuous, hostile and exclusive." (Ford v. Wilson, 35 Miss., 505; Coleman v. Billings, 89 Ill., 189; Leeper v. Baker, 68 Mo., 405; Draper v. Shoot, 25 Mo., 203; Bowen v. Guild, 130 Mass., 123; Dow v. School District, 40 Ark., 243; Ewing v. Barnett, 11 Peters, 53; Ellicott v. Pearle, 10 Peters, 441; Hoffendorfer v. Gault, 8 Ky. Law Rep., 1; Bell v. Denson, 56 Ala., 448; Clement v. Perry, 34 Iowa, 567; Wood v. Drouthett, 44 Tex., 370; Samuels v. Borrowscale, 104 Mass., 210; Alexander v. Polk, 39 Miss., 755; Smith v. Morrow, 7 Mon., 234; Webb v. Richardson, 42 Vt., 373; Nixon v. Porter, 38 Miss., 415; Crispen v. Hannavon, 50 Mo., 550.)

The possession of an ancestor and his heirs may be tacked to complete the bar of the statute of limitations. (Benson v. Stewart, 30 Miss., 57; Olive v. Beville, 55 Tex., 423; Riggs v. Fuller, 54 Ala., 146; Jackson v. Leonard, 9 Cow., 653; Sawyer v. Kendel, 10 Cush., 244; Haynes v. Boardman, 119 Mass., 415.)

Time taken up in ousting an intruder does not break continuity. (Turner v. Thomas, 13 Bush.)

6. Mrs. Low's verbal contract as to possession was void under the statute of frauds; and an agreement not legally binding can not change an adverse into a friendly possession. (Daniels v. Ellis, 1 A. K. M., 61.)

But conceding that the verbal contract as to land was binding, it could only be held binding for the statutory period of five years. (Morton v. Lawson, 1 B. M., 48.)

7. Even though Earick originally took possession as agent, his subsequent acts manifested an intention to hold for himself and not his principal, and, therefore, his possession became adverse. (Bancum v. George, 65 Ala., 260; Sharpe v. Kelly, 5 Denio, 431; Holley v. Hawley, 39 Vt., 434; Hart v. Bostwick, 14 Fla., 162; Henderson v. Dupree, 82 Ky., 682.)

8. A possession wrongfully obtained *pendente lite* should be restored and the parties placed in *statu quo*. (Sowder v. McMillan, 4 Dana, 460; Turner v. Thomas, 13 Bush, 518; Christy v. Scott, 14 How., 282.)

9. The Lows are in any event barred by over thirty years adverse possession. (Gen. Stats., p. 626, sec. 4; Webber v. Gibson, 7 Ky. Law Rep.,

223; Medlock v. Suter, 3 Ky. Law Rep., 763; s. c., 80 Ky., 105; Branson v. Thompson, 5 Ky. Law Rep., 362; s. c., 81 Ky., 387.)

10. Equity coupled with possession perfects title. (Barbour v. Whitlock, 4 Mon., 198.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

This is a petition in the nature of a bill *quia timet.* It is urged that the petition is defective because it does. not aver the nature of the adverse claim and point out its defect. This is not required; it would often be impossible to do so. If it be true that the statements of the petition do not amount to an averment that the appellants are claiming adversely, yet their answer, which sets forth the nature of the wife's claim, does so. This cured the defect if it existed. To maintain this action the plaintiff must have both the legal title and the possession.

It is quite certain that J. W. Earick, whose heirs are the appellees, had no paper title. He was, however, put in possession of the property by the widow of Joseph Low about 1839, he being at his death the legal titleholder, and as she, with the only child of the decedent, was leaving for a distant State, under an agreement that she would soon either send him what was owing him by her deceased husband and herself, or else a deed for the property, Earick went into possession and for four or five years held it, as the assessments of it for taxation by him tend to show, as the representative of the Lows. Then for two years it was not assessed; but thereafter, and beginning in 1848, it was, with the exception of one year, when it was not listed, assessed either in whole or in part by Earick in his own name until his death in 1868. For at least twenty years before his death he paid the taxes and assessments upon it, and claimed and controlled it as his own. During the most of this period he either

cultivated it himself or rented it out. He was the gen-
erally reputed owner, and at times talked of building on it.

Not long after he came into possession he fenced it.
The fencing was burnt during the war by soldiers, but
after the war he re-built it. While at times the fencing,
from age, theft or trespass, became dilapidated, yet the
evidence tends to show that at least some part of it, as for
instance the posts, was always there. It is plain there
was an intention upon his part to claim and hold the
property adversely, and this was open, notorious and con-
tinued for twenty years or more prior to his death.

Aside, therefore, from the fact that he had come into
possession under the agreement above stated, and by
reason of which it should be presumed that after a
reasonable time his possession was not friendly, but
adverse, it is abundantly shown that for a period suffi-
cient to invest him with a possessory title, it was actual,
continued, and openly and notoriously hostile to the
unknown heirs of Low and everyone else. He kept his
flag flying all the time.

Even a tenant may, by open and notorious renuncia-
tion of his allegiance to his landlord, hold hostile to him.
In like manner an agent may manifest an intention to
hold for himself and against his principal; and it matters
not that Earick's entry was amicable, because he soon
converted his possession into an adverse one. It is, per-
haps, impossible to lay down a general rule as to what
constitutes an actual adverse possession. It must neces-
sarily be more or less governed by the facts of each case.
The character and situation of the land is to be con-
sidered. What constitutes it may be one thing in a
sparsely settled country, and another in a town or city.

The character of the claim, control and use was such in this instance as to make the holding an actual and adverse one. This was continued by the appellees, the heirs of Earick, until this suit was brought.

There was such privity of estate that one possession could be tacked to the other; or more properly speaking, both were referable to the time when the possession of the ancestor became hostile, and constituted but one continuous possession. At the time of his death, however, his possession had ripened into a title, subject only to be defeated by some saving disability in the legal title-holder.

When he took possession the property was not worth more than what was owing to him, and between that time and when this action was brought, he and his heirs paid out, by way of taxes and assessments upon the property, two thousand dollars or more; so that the right of the appellees is equitable as well as legal.

It is true that in the spring of 1876, Whipple took possession of the property and put up some fencing; but the heirs of Earick, in their own name, at once sued out a writ of forcible entry against him, and obtained a judgment against him for the possession before the justice. He appealed to the Common Pleas Court, where a like result was had, and in 1878 the judgment was affirmed by this court. The appellees were then, in 1878, by the proper writ issued upon the judgment in that case, put back into possession. This did not, in law, break the continuity of their possession. The entry by Whipple was an unlawful one. He was there merely as a trespasser.

In 1883, the Louisville School Board brought suit for the property against the heirs of Low and Mrs. Whipple,

claiming it as escheated property, which, by virtue of legislative enactment, vested in it instead of the State.

The appellees were not parties to the suit. The Board obtained a judgment in the lower court, and thereupon it, by an arrangement with the appellees and subject to any right in them, took possession of the lot and built a new fence around a part of it. Upon appeal by the Whipples the judgment was reversed, this court holding that the appellees were necessary parties. Upon the return of the cause, the Board dismissed its action and surrendered possession to the appellees under an agreement with them that it was to be re-imbursed the cost of the fencing, and that this action would at once be brought to quiet the title.

These facts plainly show that the possession of the School Board was amicable to the appellees.

It appears, therefore, that when this suit was brought they had the legal title by possession, and the then possession of the property.

Moreover, these two questions of fact were, as appears, carefully considered by the lower court, and its conclusion should not be disturbed unless clearly erroneous.

The attempt of the appellants to take possession after the bringing of this action, by moving a house on to the property, can not avail. It was *pendente lite*, and can not affect the possession which the appellees had at the bringing of the suit.

The appellant, Mrs. Whipple, claims the property under a tax sale made in 1878, and a sheriff's deed by virtue thereof, dated in 1881. The necessary steps leading up to and authorizing a tax sale, such as a valid assessment, are not, however, shown. The *onus* in this

respect rested upon her; she was asserting a right to the property based upon a tax sale only.

Cooley on Taxation, page 353, says: " The purchaser at a tax sale, when he attempts to enforce rights under his purchase, is under the necessity of taking upon himself the burden of showing that the purchase was made pursuant to law. To do this he must show the substantial regularity of all these proceedings. The deed of conveyance would not stand for this evidence. It would prove its own execution—nothing more. The power to execute it must be shown before the deed itself could have any force; for an officer can not make out his own jurisdiction to act by the mere fact of acting. The principle is undisputed. It leads us inevitably to this conclusion: that whosoever claims lands under a sale for delinquent taxes must take upon himself the burden of proving that taxes were duly assessed, which were a charge upon the land, and that the successive steps were taken which led to a lawful sale thereunder, at which he, or some one under whom he claims, became the purchaser."

The rule above announced is well settled, and has been often declared by this court.

The judgment is erroneous, however, in so far as it is against the appellant, Jennie Whipple, for the costs of the action, to be levied on her general estate. The costs amount to a considerable sum. She is a married woman, and it was error to render a personal judgment against her. The lower court will, upon return of the cause, to this extent set aside the judgment; but otherwise it is affirmed.