CASE 109—PETITION EQUITY—JANUARY 28.

| 93 | 639 |
|---|---|
| 136 | 686 |

# Jones, &c., v. Miracle, &c.

### APPEAL FROM BELL COURT OF COMMON PLEAS.

THE POWER TO SELL PROPERTY FOR TAXES is altogether statutory, and must be strictly pursued; and where a party is setting up claim to property in virtue of a purchase by him at such a sale, he must aver by pleading, and show by his testimony, that the statutory steps necessary to a valid sale were taken. The tax deed is not conclusive in his favor. And this rule applies as well where the purchaser is a defendant resisting recovery, as where he is plaintiff seeking recovery.

WELLER & HAYS FOR APPELLANTS.

One who claims under a tax deed must show that every step necessary to a valid sale was taken. No presumption in favor of the regularity or legality of the sale arises from the fact that the sale was made even by the proper authority. (Maguiar v. Henry, &c., 84 Ky., 6; Smith, &c., v. Ryan, &c., 11 Ky. Law Rep., 128; Durret v. Stewart, &c., Idem, 172.)

UNTHANK & HOLT FOR APPELLEES.

1. The appellant, by taking upon himself so many of the appellees' allegations, making his pleading both a petition and reply, instead of allowing the appellees the privilege of setting up their own tax title, and making then all the necessary allegations in support of same, has, by such a course, according to the fundamental rule of evidence that "burden of proof is on the party who alleges," shifted the burden to the appellant, even if such allegations are negative in character. (1 Greenleaf on Evidence (Redfield ed.), sec. 78; 1 Chitty on Pleading, 206; 4 Eng. Law and Eq. Rep., 531; 14 Ill., 275.)
2. Tax titles are *prima facie* good, an officer who has sold land for taxes being presumed to have complied with the law until the contrary is shown. (Cooley on Taxation, 2d ed., 520; 2 Litt., 62; 3 Mon., 271; Idem, 211; 5 B. Mon., 462; 2 A. K. Mar., 244.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Robert A. Miracle died intestate and owner of a tract of land containing 500 acres, that descended to his widow and five children. And this action was brought

in 1892 by appellant Lewis Jones, claiming an undivided fifth of the land in virtue of a purchase in 1886 from one of the heirs at law, and by two other heirs, against John A. Miracle and Mary Miracle, his wife, neither of them, however, being an heir of decedent, Robert A., but claiming the whole tract under purchase at sale for taxes in 1883, and also claiming an undivided fifth by purchase in 1886 from one of the heirs. A. Slusher, claiming a moiety by purchase from another one of the heirs, was made defendant, but he does not appear to have filed an answer.

It is alleged in the petition that the defendant is claiming the entire tract under a deed executed to him not until 1889, although it is recited therein the land was sold November 12, 1883, and then purchased at the inadequate price of $3.50; that the tract of land was listed for taxes in the name of Sarah Miracle, widow of Robert A., but the sheriff did not, before making the levy, tender to her a receipt as the law required, though she was a resident of the county in which the land lies; that the sheriff failed to advertise the time and place of said sale at the court-house door, and failed to return a report in writing to the county clerk showing when, where and for what price said land was sold, giving a description of the land sold, and that such report was not recorded and indexed by the county clerk. It is further alleged that John A. Miracle, the pretended purchaser, did not file with the county clerk said sheriff's certificate of his purchase.

The defendants do not in their answer state affirmatively that any one of the specific duties prescribed by statute in such case, and enumerated in the petition,

were performed by either the sheriff or the purchaser; but state in general terms that said sale was conducted in proper form, as the deed of conveyance by the sheriff sets forth, and traverse, or attempt to traverse, the statements of the petition by simply denying the alleged failure to perform the statutory requirements.

No evidence was offered by either party to show whether the sheriff did or did not sell the land in the manner required by law, except the deed made by him in 1889, long after his term of office had ended; and the only recital in that is, that the land was listed for taxes for the year 1883 in the name of Sarah Miracle; that she having no personal property out of which the tax could be made, the land was levied on, and, after advertising as the law directs, was sold, when John A. Miracle became the purchaser at $3.50, tax due and cost of sale. The lower court assuming, we suppose, that the burden of showing non-performance by the sheriff of the statutory duties required in such case was upon the plaintiff, dismissed the action, denying any relief, although one of the plaintiffs was at date of the sale, and is now, an infant.

It has been distinctly held by this court that the power to sell property for taxes is altogether statutory and must be strictly pursued, and when a party is setting up claim to property in virtue of purchase by him at such sale, he must aver by pleading, and show by testimony, that the statutory steps necessary to a valid sale were taken. (Smith v. Ryan; 88 Ky., 636.) In the case of Durrett v. Stewart, 88 Ky., 665, it was said to be well settled that a sale of property for taxes is void unless each legal step that the law requires in order to

subject it to sale has been complied with. Moreover, it was held in Maguiar v. Henry, 84 Ky., 1, that it was not in power of the legislative department to make a tax-deed conclusive evidence of a complete title. It is true the party claiming under purchase at tax-sale was, in the cases cited, plaintiff seeking recovery against the original owner, while in this case his attitude is that of defendant. But it seems to us there is no reason for placing the burden upon the tax-payer and original owner in any case, but on the contrary a person claiming under a tax-deed should be required to show in order to resist recovery by the tax-payer and owner, that he has a valid title acquired by strict compliance with statutory requirement. For, otherwise, while the purchaser at a tax-sale is always in a position to be reimbursed and placed in *statu quo*, owners of land, sometimes non-resident or laboring under disability of coverture, infancy or lunacy, are liable to have their property sacrificed or lost by irregular or fraudulent conduct of the officer or purchaser. And no better illustration of the injustice and impropriety of accepting and treating a tax-deed as conclusive in favor of the purchaser could be afforded than is done in this case. Here, the owner of a large body of land has died, leaving a widow and children, some of whom are infants. And though it does not appear the widow had been appointed administratrix, or otherwise authorized or required to pay taxes on the estate of her husband, or that even any part of the land had been allotted to her as dower, yet the whole tract was listed for taxation in her name; and, without any demand on the personal representative of the dece-

dent, if there was ever a notice to any of the heirs at law, the land was sold for the insignificant sum of $3.50, and the purchaser has been adjudged entitled to the entire tract without showing, or attempting to show, a compliance by either himself or the sheriff with indispensable requirements of the statute.

It may, by reason of lapse of time or death, be impossible for a claimant under purchase at tax-sale to show the receipt was presented by the sheriff to the person from whom the tax was due, or that the sale was duly advertised. But the sheriff was, in this case, required by statute to make in writing and file with the county clerk a report of such sale, showing all the steps taken with reference thereto, and in case of his failure to do so the purchaser was authorized to file with the county clerk the sheriff's certificate of purchase. If the sheriff or purchaser had complied with such requirement, it would have been in power of the defendants in this case to show the fact, and in our opinion they ought to have been required to do so. Instead, according to the judgment appealed from, defendant John A. Miracle is permitted to hold 500 acres of land without any affirmative allegation by him of compliance with the statute, or any evidence thereof except a meager and unsatisfactory recital in a deed made six years after the pretended sale by a person not then in office.

We do not decide whether the land was legally and properly listed in the name of, and the taxes payable by, Sarah Miracle, because it does not clearly appear whether she was in possession of the land, nor whether there was at the time a personal representative of the decedent, Robert A. Miracle. Nor is it necessary to determine

whether Sarah Miracle, the infant plaintiff, was entitled to redeem the entire land or only her undivided moiety. For we are satisfied, as the record stands, the plaintiffs are entitled, as prayed for, to a division of the land among the five children, or their assigns, of the decedent, Robert A. Miracle, notwithstanding the tax-deed of John A. Miracle. And the judgment is reversed with directions for such division to be made, upon condition of payment to John A. Miracle of his purchase money with statutory interest.