CASE 71—PETITION ORDINARY—MAY 25.

# Owensboro, &c., Railroad Company v. Harrison.

APPEAL FROM DAVEISS CIRCUIT COURT.

1. IN THIS ACTION AGAINST A RAILROAD COMPANY TO RECOVER LAND UPON WHICH IT HAS CONSTRUCTED ITS ROAD-BED, in which the defendant claims under a conveyance from plaintiff, and plaintiff replies that defendant, against his protest, built its road-bed on other land than that conveyed, as defendant did not, until after the trial was begun, attempt to deny that against plaintiff's protest it built its road-bed on other land than that conveyed, the court did not abuse its discretion in refusing to allow the denial to be filed.

2. AN AMENDED ANSWER alleging that plaintiff acquiesced in the building by defendant of its road-bed on its line of road. must be regarded as merely a repetition of the allegation of the original answer that the road-bed was built on the land conveyed by plaintiff, and not as a plea of confession and avoidance, and. therefore, defendant can not complain of the action of the court in sustaining a demurrer to the amendment.

3. THE DEFENDANT CAN YET HAVE ITS ROAD-BED CONDEMNED AS A RIGHT OF WAY, and the court has the right to suspend the writ of possession for a reasonable time in order for it to take that proceeding if it applies for it.

J. A. DEAN FOR APPELLANT.

1. The amended answer pleading in avoidance of plaintiff's right to recover the land itself, the permission, consent and acquiescence of plaintiff in the building of defendant's road on his land, and the putting of same in operation, stated a good defense, and the court erred in sustaining demurrer thereto. (Holloway v. Louisville, &c., R. Co., 92 Ky., 244.)

2. It should have been left to the jury to determine whether the entry and occupation were without plaintiff's consent.

3. It was put in issue whether or not at the time of the conveyance defendant's road had been definitely located along a particular route across plaintiff's land, and this question should have been submitted to the jury.

SWEENEY, ELLIS & SWEENEY FOR APPELLEE.

No brief in record.

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee conveyed to the appellant a right of way across his land for its railroad bed. The right of way was by specific boundary, that had been previously surveyed and staked off. The appellee seeks to recover the possession of the strip of ground upon which the appellant constructed its railroad bed, because, as it is alleged, the appellant, without appellee's consent and against his protest, constructed said track upon other ground than that conveyed to him. The appellant contends that it constructed its bed and track on the ground conveyed to it. The jury found that the appellant had not constructed its road-bed upon the ground conveyed to it. The court's instruction upon the subject of the construction of the road-bed is correct. The appellant did not attempt to deny that the right of way had been staked off before the conveyance was made, and that the appellant built its bed upon other land against the appellee's protest, until after the trial had begun. The court then refused to allow it to file the denial. We can not say that the court, under the circumstances, abused its discretion.

The appellant also objects to the court's action in sustaining a demurrer to its amendment that set up the plea of estoppel, consisting, as is alleged, in the fact that the appellee knew and acquiesced in the appellant's building its road-bed on its line of road. If the plea was intended as a confession and avoidance, the appellant is confronted with the fact that it had already admitted, which stood as true, that the appellant had built its road-bed against the pro-

test of the appellee. But the plea, as we understand it, is not a plea of confession and avoidance. For the answer asserted that the road-bed was constructed on the ground conveyed, and the proposed amendment says that the road-bed was constructed on its line of way by appellee's consent, &c. Now, taking the answer and amended answer together, they repeat the fact that the road-bed was built on the land conveyed by the appellee. The bill of exceptions is not copied in the record.

The appellant can yet have its road-bed condemned as a right of way, and the court has the right to suspend the writ of possession for a reasonable time in order for it to take that proceeding, if it applies for it.

The judgment is affirmed.