CASE 46—PETITION ORDINARY—FEBRUARY 3.

| 95 | 273 |
| 136 | 686 |

# Commonwealth v. Three Forks Coal Company.

## APPEAL FROM LEE COURT OF COMMON PLEAS.

1. RIGHT OF STATE TO SUE FOR LAND PURCHASED AT TAX SALE.—The State, having purchased land at a tax sale, has the right under the statute to sue for and recover possession of the land so purchased, if not redeemed within the time prescribed.

2. To MAKE A TAX SALE VALID and give to the purchaser, whether the State or an individual, right to recover possession of the land so sold for taxes, there must be a substantial compliance with all the requirements and conditions of the statute. Therefore, in this action by the Commonwealth to recover possession of land purchased at tax sale, the petition failing to allege that defendant had no personal property in the county subject to distraint for the taxes due, a general demurrer was properly sustained, as a sale of the land could not be legally made if there was such personal property out of which the taxes could be paid.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLANT.

The petition is good and the defendant should be compelled to plead to it. The demurrers do not reach to a defect of parties, but even if they did the parties are properly joined.

 Cited in petition for rehearing: Husbands v. City of Paducah, 4 Ky. Law Rep., 992.

G. W. GOURLEY FOR APPELLEE.

 Brief not in record.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This action was brought in name of the Commonwealth of Kentucky and Lee County as joint plaintiffs against the Three Forks Coal Company, a corporation, to recover possession of a tract of 1,004 acres of land previously sold as defendant's property for taxes of the year 1891, and purchased for the State. To the original petition both a special and general demurrer were filed;

but there was to the amended petition only a general demurrer, the judgment on trial of which, being the only one rendered, is in these words: "The demurrer to plaintiff's petition being heard the same is sustained, and plaintiff failing to plead further is dismissed."

Though Lee County does not seem to have any interest, joint or several, in the subject of action, and as a consequence there was a misjoinder of parties; still, as only the general demurrer appears to have been passed on, we deem it proper and pertinent on this appeal to inquire and determine whether sufficient facts are stated in the pleadings to constitute a cause of action in favor of the Commonwealth of Kentucky. The statutory provisions under which this action was brought are contained in article 9, chapter 92, General Statutes, and were re-adopted by "an act relating to Revenue and Taxation," which became law November 11, 1892.

Section 16, article 9, provides that if no one will bid for and purchase land exposed for sale to pay taxes, it shall be the duty of the sheriff or tax collector making the sale to purchase same for the State of Kentucky at amount of tax due and commission thereon. But the owner of such land has the right to redeem at any time within two years after the day of sale, by paying purchase money, with interest at rate of thirty per cent per annum, and, in addition, fifteen per cent on total amount of purchase price, and clerk's cost, if any. It is further provided in same section as follows: "The State shall have the right of possession of lands purchased by it at any time after the expiration of thirty days from the giving of the notice provided for in the next section; and the purchaser other than the State shall have the

right of possession of the land purchased by him at any time after expiration of six months from the giving of the notice provided for in the next section."

Section 17 makes it the duty of the county attorney, within fifty days after sale, to notify the owner of land so purchased by the State of such purchase; and if not redeemed within thirty days from such notification, to institute proceedings for recovery of possession, the owner being required to pay cost of proceedings. It is also therein provided that failure of a county attorney to give such notice and institute the required proceeding within time specified shall subject him to fine for each offense.

The purpose of enacting such statute, which in no way oppresses the delinquent taxpayer, is simply to stimulate him to redeem his land by paying what is due, under penalty, in case of failure to redeem, of losing possession and ultimately title to his land. And the language used plainly gives to the State, being purchaser at a tax sale, right to sue for and recover possession of land so purchased if not redeemed within time prescribed. But to make a sale valid, and to give, as a consequence, to the purchaser, whether the State or an individual, right to recover possession of land so sold for taxes, there must be a substantial compliance with all requirements and conditions of the statute.

In Cooley on Taxation, p. 353, it is said: "Whoever claims land under a sale for delinquent taxes must take upon himself the burden of proving that the taxes were duly assessed and a charge on the land, and the successive steps were taken which led to a lawful sale thereunder, at which he or some one under whom he claims became purchaser." That rule has been directly approved by

this court in Whipple v. Earick, 93 Ky., 121; Smith v. Ryan, 88 Ky., 636; and it seems to us it is applicable as well where the State as an individual has become purchaser.

It is substantially and fully enough alleged in the petition as amended that the land in question was assessed for taxation; what amount of taxes were due; and that prior to the sale payment thereof was demanded of defendant, a receipt therefor being tendered. It is further alleged that the county attorney of Lee County, where the land lies and was assessed, had, in manner and time required by section 17, notified defendant of said sale and purchase for the State, and that proceedings would be instituted to recover possession of the land unless redeemed within thirty days, which was not done. But the statute provides in terms not only that personal property shall be first subjected to pay taxes, but in express language of section 15 makes a condition of a valid sale of land for such purposes, that "there be no personal property the sheriff or tax collector can distrain for taxes due." There is no allegation in the pleadings that defendant had no personal property in Lee County subject to distraint for the taxes due; and as a sale of the land in question could not be legally made if there was such personal property out of which the taxes could be made, it follows there was a failure of plaintiff to state a fact essential to constitute his cause of action, and the general demurrer was properly sustained.

Judgment affirmed.