CASE 82—ACTION BY Y. L. MOSELEY AND OTHERS AGAINST M. L. HAMILTON AND ANOTHER.—February 9, 1910.

## Moseley v. Hamilton, &c.

Appeal from Ohio Circuit Court.

T. F. Birkhead, Circuit Judge.

Judgment for defendants, plaintiffs appeal.—Reversed.

1.  Taxation—Tax Deed—Description.—Ky. Stat., section 4056, declares that no error or informality in the description or location of property assessed for taxation shall invalidate the assessment if the property can with reasonable certainty be located from the description given, and General Statutes, 1883, chapter 92, article 8, section 17, provides that on a sale of land for taxes to the state the sheriff shall return a report in writing to the county clerk showing when the sale was made, to whom, the price, and giving a description of the land sold as fully as he is able to do. Held, that, where land was sold to the state for taxes because there was no other bidder, a description in the deed following the description in the assessment and in the sheriff's report, to-wit: "One tract of land situated and being in said county in Herbert voting district No. 31, and bounded as follows: 120 acres of land adjoining 'Al. May. Valuation $1,028.00. 31st precinct. Assessed as the property of Martin L. Hamilton. Less one acre out of the northeast corner thereof"—was not fatally defective for indefiniteness.

Moseley v. Hamilton, &c.

2. Taxation—Tax Sales—Deed—Prima Facie Validity.—Ky. Stat. section 4030, provides that in all suits involving tax titles the deed shall be prima facie evidence of the regularity of the sale and of all prior proceedings and title in the person to whom the deed has been executed; section 4162 declares that when a sale is made to the state the sheriff shall file a report thereof, which shall vest the title of all persons sui juris in the state; and section 3760 declares that except in a direct proceeding no fact officially stated by an officer shall be called in question except on the allegation of fraud in the party benefited thereby or mistake on the part of the officer. Held, that such statute changed the rule previously in force that a person claiming under a tax deed must show compliance with all the requisites of the law, and that thereunder he establishes a prima facie case of the validity of his title by introducing his deed, the recitals of which can be impeached only on allegation of fraud in the party benefited or mistake on the part of the officer.

W. H. BARNES for appellants.

RINGO & CLEMENTS and W. F. SHAW for appellees.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

Y. L. Moseley and S. A. Anderson brought this action against M. S. Hamilton and M. W. Moseley to recover possession of a tract of land described in the petition by metes and bounds. It was alleged in the petition that the land was assessed for county and state revenue for the year 1905 as the property of M. L. Hamilton; that the taxes were unpaid; that the land was bought in by the state on December 4, 1905, and was sold by the auditor's agent on December 7, 1908, and bought by them for the taxes, $35.53; and that the auditor had made them a deed for the land on February 15, 1909; that they paid the taxes on the land for 1908, amounting to $16.50; and that the defendants were wrongfully in possession of it. The

deed was filed with the petition and as part of it.
The plaintiffs prayed judgment for the land and $150
damages for its detention, or, if they were not en-
titled to the land, to a lien on it for the sums they
had paid with interest and cost. The defendants
filed a demurrer to the petition and with the de-
murrer an answer, which controverted the allega-
tions of the petition, and pleaded certain affirmative
matter. The plaintiffs demurred to the affirmative
matter in the answer, and moved to strike it out. The
court sustained the motion to strike out the affirma-
tive matter. A reply was then filed putting in issue
an allegation in the answer that the auditor was
without authority to make the deed under which
plaintiffs claim. The case was then submitted with-
out any proof, and the court adjudged that the plain-
tiffs were not entitled to the land, but were entitled
to a lien on it for the sums they had paid. From
this judgment the plaintiffs appeal.

While the court did not in form rule upon the de-
fendant's demurrer to the plaintiffs' petition, it is
manifest from his judgment that he sustained the
demurrer to so much of the petition as claimed the
land, holding that the deed did not pass title to it,
and overruled the demurrer to so much of the peti-
tion as sought a lien on the land for the money. The
ruling of the court in holding the petition bad seems
to have been based upon the ground that the descrip-
tion in the deed was not sufficient to pass title. The
description is in these words: "One tract of land
situated and being in said county in Herbert voting
district, No. 31, and bounded as follows: 120 acres
of land adjoining Al. May. Valuation $1,028.00. 31st
precinct. Assessed as the property of Martin L.

Hamilton. Less one acre out of the northeast corner thereof.''

We had a similar question before us in Husbands v. Polivick, 128 Ky. 662, 663, 96 S. W. 829, 29 Ky. Law Rep. 895. In that case we said: ''It is contended that this assessment is invalid because it is not a sufficient description of the property to identify it. From the nature of the case, description of lands on the assessors' books in this state where the sectional system of surveys and descriptions are not and have never been in use, except in a small portion of the state, cannot be as full as is generally given in deeds. Nor is it necessary that it should be. It is certainly competent for the Legislature to prescribe the form of assessors' books.. If it does, it is not for the court to say that assessments made in such form are not adequate. The assessment in this case was in strict conformity to the statute, and was a sufficient description of the land. The question then arises whether the sheriff's sale, and the certificate he is required to give of the land, when sold for delinquent taxes, should give a more extended description of the property levied on and sold. It is to be remembered that in this case the land was not sold to a stranger by the sheriff, but was struck off to the state because there was no other bidder. The statute regulating the sheriff's duties in that respect is not very explicit. It was section 14, art. 8, c. 92, Gen. St., and reads, on this point: 'And if no one will bid for and purchase such land at the price of the taxes due and the cost of the sale, it shall be the duty of the sheriff or collector to purchase same for the state, bidding therefor the taxes due and the costs of the sale.' Section 17, same chapter and article, requires the sheriff to return and report in

writing to the county clerk, showing when the sale was made, to whom, and at what price, 'and giving a description of the land sold as fully as he is able to do.' In this case the sheriff's report was filed as required; the description of the land being the same as is shown in the assessor's books. We are of the opinion that the description is sufficient.''

The description of the land sold here, as given in the deed, follows the sheriff's certificate, and it follows the assessment which in the form prescribed in the statute. It was alleged in the petition and not denied that this is the only tract of land owned by Hamilton in that precinct, and so the case falls within the rule that that is certain which may be made certain. The particular piece of property which was assessed, levied on, and sold was identified beyond doubt by the undisputed facts stated in the record. It is undoubtedly within the power of the Legislature to prescribe the forms in this matter, and when the statute is complied with the title will pass unless facts should be shown rendering it impossible to tell what piece of land was sold. Ky. St. Sec. 4056, provides: ''But no error or informality in the description or in the location of the property, or in the name of the owner or party assessed, shall invalidate the assessment if the property can with reasonable certainty be located from the description given; and in case of such error and informality, the collector may receive the taxes and by his receipt correct such error or informality.''

We are referred to Gooch v. Benge, 90 Ky. 394, 14 S. W. 375, 12 Ky. Law Rep. 368, as laying down a different rule; but the statute under which that case was decided was materially different from the statute now in force. The provisions of that statute re-

quiring the land to be described by the auditor and the auditor's agent have been omitted from the act now in force.  On the facts shown the court should have overruled the demurrer to the petition and should have held the description of the land sufficient to sustain the sale.  When the demurrer to the petition is overruled, the defendant should have leave to amend his answer; as it is manifest from the record that the judgment of the circuit court is based on the ground that he held the plaintiff's petition insufficient on demurrer.

Previous to the late statutes, it was held by this court in a long line of decisions that a tax sale was not valid unless all the requisites of the law are complied with, that nothing was presumed in their favor, and that he who claims under a tax sale must show that the officer complied with all the requisites of the statute.  Thus in Terry in Bleight, 3 T. B. Mon. 271, 16 Am. Dec. 101, the court said:  "As to the sales for direct taxes, there is no evidence filed in the cause whereby it can be seen whether they were duly and properly made. The Supreme Court of the United States have held such sales to great strictness.  The onus probandi lies on him who relies on them.  Nothing is presumed in favor of organs of the law who have conducted them; but, to sustain them it must be shown that all the requisites of the law have been complied with, or the sale passes no title."

This ruling was followed uniformly by the court under the statutes then in force. Craig v. Johnson, 3 T. B. Mon. 323; Bishop v. Lovan, 4 B. Mon. 116; Durrett v. Stewart, 88 Ky. 665, 11 S. W. 773, 11 Ky. Law Rep. 172; Smith v. Ryan, 88 Ky. 636, 11 S. W. 647, 11 Ky. Law Rep. 128; Whipple v. Earick, 93 Ky.

121, 19 S. W. 237, 14 Ky. Law Rep. 85; Jones v. Miracle, 93 Ky. 639, 21 S. W. 241, 14 Ky. Law Rep. 639; Commonwealth v. Three Forks Coal Co., 95 Ky. 273, 25 S. W. 3, 15 Ky. Law Rep. 633; Pryor v. Hardwick, 22 S. W. 545, 15 Ky. Law Rep. 166; Hundley v. Taylor, 25 S. W. 887, 15 Ky. Law Rep. 808; Rice v. West, 42 S. W. 116, 19 Ky. Law Rep. 832; Carlisle v. Cassady, 46 S. W. 490, 20 Ky. Law Rep. 562.

Under this rule tax titles were practically valueless, for the older they became the less possible it was for the purchaser to show that all the requisites of the statute had been complied with; and so, to remedy the evil, it was provided by section 4030 Ky. St. (Russell's St. Sec. 5922): "In all suits and controversies involving the titles of lands claimed or held under the deed executed by the sheriff in pursuance of the sale for taxes, the deed shall be prima facie evidence of the regularity of the sale and of all prior proceedings and title in the person to whom the deed has been executed." It was also provided that, where the land was bought by the state, the sheriff should file with the county clerk a report of the sale. The effect to be given this report is thus prescribed by the statute: "Said report when recorded, shall operate as a conveyance and vest the title to the property of all persons sui juris in the state, county or district, or either, and shall be constructive notice to the world of the claim existing in favor of the purchaser, whether the state or county or district or an individual against the lands of persons laboring under no legal disability." Ky. St. 4162 (Russell's St. Sec. 6022). Section 3760, Ky. St. (Russell's St. Sec. 4862), further provides: "Unless in a direct proceeding against himself or his sureties, no fact offi-

cially stated by an officer in respect of a matter about which he is by law required to make a statement, in writing, either in the form of a certificate, return or otherwise, shall be called in question, except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer.

The effect of these provisions has been to change the rule heretofore in force. The presumption now is that the officer has complied with all the requisites of the statute. The taxpayer may show that he did not do so, but the officer's deed makes out for the purchaser a prima facie case; and no fact officially stated by the officer in his certificate or deed in respect to a matter about which he is required to make a statement in writing can be called in question except upon an allegation of fraud in the party benefited or mistake on the part of the officer. Except so far as the statutes have changed the rule as to the burden of proof, the decisions heretofore made by the court as to what is essential to a valid sale are still the law of the state as to matters where the statute has not been changed. To illustrate, it was held under the former statutes that a tax sale for more than was due was a sale without jurisdiction and void. Smith v. Ryan, 88 Ky. 636, 11 S. W. 647, 11 Ky. Law Rep. 128; Carlisle v. Cassady, 46 S. W. 490, 20 Ky. Law Rep. 562.

In Alexander v. Aud, 121 Ky. 105, 88 S. W. 1103, 28 Ky. Law Rep. 69, certain taxpayers of Daviess county brought a suit enjoining the auditor's agent from selling their lands which had been bought in by the state for back taxes. One of the grounds relied on for the injunction was that the taxpayers had personal property out of which the taxes could have been made. It was held that the petition was not

sufficient, in that it did not disclose the character and value of the personal property. In other words, it. did not show what personal property the taxpayer had. The answer in this case has the same defect. In that case it was held that the fact that the taxpayer had personal property would not render void the sheriff's sale of the property to the state, as the state had a lien on all the taxpayer's property, and the sale by the auditor's agent was simply a means of enforcing that lien. The taxpayer could stop the sale by tendering the tax due, and this had not been done.

In the recent case of James, Auditor v. Blanton, 123 S. W. 328, we laid down the rule as to how the interest should be counted on these back taxes, where the land had been bought in by the state. It appears from the record that the land was assessed here at $1,020, and we do not well see how the taxes on that assessment, with interest and penalties and cost, could amount to as much as $35.53. From the record we are inclined to think that the judgment of the circuit court does justice between the parties, and that the plaintiffs should have acquiesced in it; but, as the facts have not been pleaded, we cannot now so determine.

Judgment reversed, and cause remanded for further proceedings consistent herewith.