Woolley v. Johnson's Executors.

CASE 26—PETITION EQUITY—OCTOBER 29.

# Woolley v. Johnson's Executors.

### APPEAL FROM FAYETTE CIRCUIT COURT.

1. EQUITY—MARSHALING ASSETS.—Where one had a life estate in land with power to dispose of it by will or deed, to such uses as he might select, and it was held on a former appeal that a devise by him of what property he had, after the payment of his debts, to his brothers and sisters, was a devise to his creditors in the exercise of his power of appointment, in the distribution of the proceeds of the property among his creditors, a lien creditor after exhausting his lien stands as to the balance of his debt on an equality with other creditors, such a distribution being in accord with the present statute and with the intention of the testator; and this notwithstanding the general equity rule, which gives to lien creditors a *pro rata* upon the full amount of their claims, and the statute in force at the date of the will postponing lien creditors, after exhausting their liens, until other creditors shall have received the same *pro rata* equal with them.

J. R. MORTON FOR APPELLANT.

1. If a lien creditor exhausts the lien estate without full payment, the general creditors have the reciprocal right to make as much of their debt out of the individual or general estate as the lien creditor has out of the lien estate, and if then any individual or general assets of the dead debtor should remain undisposed of, they shall be distributed *pari passu* among all the creditors, regardless of class. Grider v. Paine, 9 Dana, 188; Citizens' Bank v. Patterson, 78 Ky., 291; Muldoon v. Crawford, 14 Bush, 125; Logan v. Anderson, 18 B. M., 114; German Bank v. Jefferson, 10 Bush, 327; Northern Bank v. Keiser, 2 Duval, 169; Hibler v. Davis, 13 Bush, 21; Spratt v. First Nat. Bank, 84 Ky., 85; Bank v. Lockridge, 92 Ky., 473; Best's Ex'or v. Spooner, 4 Ky. Law Rep.; Cook v. Brand, 87 Ky., 105; Payne v. Johnson, 95 Ky., 175; Whitehead v. Shadwell, 2 Duval, 432; General Statutes, Title "Executors," sec. 34, p. 604.

J. D. HUNT FOR APPELLEES.

1. Where there are two funds or estates for distribution, one of which is open to the creditors generally, and the other is covered by an exclusive lien acquired by contract with one of the creditors, the holder of this lien may, without waiving his priority thereunder, in addition, take his full *pro rata* along with the other creditors out of the general fund till his debt be fully paid. Logan v. Anderson, 18 B. M., 114; Hibler v. Davis, 13 Bush, 20; Citizens Bank v. Patterson, 78 Ky., 291; German Security Bank v. Jefferson, 10 Bush, 330; Spratt v. First Nat. Bank, 84 Ky., 87; Payne v. Johnson's Ex'rs, 95 Ky., 186; 14 Amer. & Eng. Enc. of Law, pp. 698-686; White & Tudor's Leading Cases in Equity, vol. 2, Am. Ed., 258; Bispham's Equity, sec. 343; 1 Story's Equity, sec. 633.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

Aaron K. Woolley was the owner in fee of one-half of 166 acres of land by devise from his mother—the other half was devised to him from the same source for life, with remainder over to others, coupled, however, with a power to dispose of it himself by will or deed to such uses as he might select. He undertook to encumber his entire estate by a mortgage to Johnson and Mrs. Hearne, but his effort as to the estate held for life was held inoperative by this court (Payne, etc. v. Johnson's Exor., 95 Ky., 275), because not a valid exercise of the power of appointment under the will. The donee of the power, however, was held to have exercised the power by his will in which he devised what property he had, after the payment of his debts, to his sister, Mrs. Payne, and his brothers, Frank and Vertner Woolley. And this was said by this court in the former appeal to be "in fact a devise to creditors, who are, in so far as this record shows, to receive the proceeds of sale in proportion to their respective claims."

After a return of the case from this court the other cred-

itors were made parties, and the action took the form of a creditor's bill for settlement of the estate instead of a suit, as it had formerly been, to satisfy the mortgage liens. The sole question before the chancellor below was, how shall the assets of testator A. K. Woolley be distributed? The learned special chancellor adjudged Johnson's executors entitled to one-half of the proceeds of the sale of the entire land, and of this there is no complaint. But in distributing the balance he held the executors entitled to a *pro rata* on the entire debt, without reducing their demand by the amount of the previous payment. This is in accordance with the rule of marshalling securities laid down in Logan v. Anderson, 18 B. M., 114, and followed in a number of cases since, to the effect "that a creditor having more than one contract security will be allowed to *pro rate* with the general creditors for the full amount of his claim, taking no account of his independent securities." (Hibler v. Davis, 13 Bush, 21.)

The statute in force at the time of Woolley's death, and which appellant insists is applicable, prescribes an entirely different rule for the distribution of the assets of insolvents. That statute, in the particular mentioned, is as follows: "But when any creditor has a lien, and the property subject to the lien is not sufficient to discharge the debt, he shall not be entitled to any portion of the residue of the estate until all the creditors not having liens shall have received a sum equal *pro rata* with such lien creditor." It would seem that the court below in departing from this statute did so for the reason that, under the will of Woolley, the lien creditor had a claim in the nature of a contract right not only

on the one-half covered expressly by his mortgage, but on the other half as well, and this fact demanded the application of the rule in the Logan v. Anderson case.

It is manifest, however, that while such an application here might not be positively illogical, it is certainly an extension of the rule, and the exact state of case in which the rule has been heretofore applied is not before us. We are, therefore, not bound to apply it, nor does the statute then in force necessarily control the distribution. The property is devised to Mrs. Payne, Frank and Vertner Woolley. The testator certainly did not contemplate a distribution of his estate under the statute regulating insolvent estates. By his appointment on behalf of his creditors—all of them, including Johnson—he brought within their reach, and not because of any diligence of theirs, certain property which otherwise would have gone to his heirs under the will of his mother, and provided that certain of his kin should have the residue of his estate "after the payment of his debts."

The testator had already provided for the Johnson debt in part at least, and we think, after applying the property under mortgage toward the satisfaction of that debt as Woolley must have supposed would be done, the balance of it is to be considered as included among the debts of the testator in contemplation of his will, and to stand on an equality with all other debts in the distribution of the estate. It is not to be supposed that the testator intended either that the Johnson lien debt, after being paid in part, was to be given undue advantage over other debts under some complicated rule for marshalling equitable securities, or, on the other hand, to be made to take a subordinate position in

the distribution, and be denied a *pro rata* share on what was left, after crediting therein the proceeds of the mortgage. His intention must have been to pay the Johnson debt with the proceeds of the mortgaged property as far as might be, and then out of the balance of the estate pay the unsatisfied lien debt and all other debts against the estate, treating all debts alike and placing them on an exact equality.

Such a distribution would be in accord with the present statute, which provides that "when any creditor has a lien, and the property subject to the lien is not sufficient to discharge the debt, he shall receive on the remainder of the debt unsatisfied by the lien property the same *pro rata* as other creditors who have no lien." (Section 3869, Kentucky Statutes.) And such a distribution is in accord with the language of this court on the former appeal, where it was held that, so far as the record then showed and nothing is shown to the contrary now, the creditors of Woolley were to receive the proceeds of the sale "in proportion to their respective claims."

And this, it seems to us, is the equity of the case and conforms to the intention of the testator.

There seems to have been no error in the method of paying the Habiz claim, but for the reason given the judgment is reversed for proceedings consistent with this opinion.