## Musick v. Horn.

(Decided December 1, 1911.)

### Appeal from Floyd Circuit Court.

Land—Action to Quiet Title—Failure to Prove Title.—In an action to quiet title brought pursuant to section 11, Kentucky Statutes, failure to prove legal title either by record, or adverse possession, will defeat a recovery.

MAY & MAY for appellant.

JAS. GOBLE for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-
MISSIONER—Affirming.

Appellant, Sarah Musick, brought this action against
Edward Horn to quiet her title to a 400-acre tract of land
situated in Floyd County, Kentucky. This tract or sur-
vey was patented in the name of Patrick Vaughn on the
4th day of April, 1837. Lying within the boundary of
the 400-acre survey was another survey of 50 acres,
which was patented in the name of Patrick Vaughn on
May 19th, 1828. On September 4th, 1852, appellee Horn
entered and surveyed a tract of 50 acres of land which
laps over on the Patrick Vaughn survey of 400 acres to
the extent of 20 acres. This is the land in controversy.
Appellee denied the ownership and possession of appel-
lant, and pleaded title in himself, both by patent and ad-
verse possession. He also interposed a plea of champ-
erty with reference to two deeds through which appel-
lant acquired title. Upon final hearing appellant's pe-
tition was dismissed, and from the judgment so entered
this appeal is prosecuted.

The law is well settled, that in actions brought pur-
suant to section 11, of the Kentucky Statutes, plaintiff
must prove both the legal title and actual possession in
order to recover. Whipple v. Erick, 93 Ky., 121; Smith
v. Lewis, 21 Ky. Law Rep., 1400. In proof of her chain
of title, appellant introduced the patent issued to Pat-
rick Vaughn by the Commonwealth of Kentucky in the
year 1837; also deeds from George B. Martin and Alex-
ander Lackey to A. G. Musick, and from A. G. Musick to
appellant. While the deed from George B. Martin and
Alexander Lackey to A. G. Musick recites that the grant-
ors received the land from James M. Lackey, no deed
from him is produced, nor does James M. Lackey con-
nect his title with that of Patrick Vaughn. The missing
link might have been supplied by the introduction of a
deed or will, or by evidence that the land was inherited.
The record, however, is silent upon this point; so appel-
lant failed to prove a record title. While there is some
evidence tending to show that appellant and those
through whom she claims to have had tenants upon the
400-acre survey, it does not appear when their posses-
sion began, or that they were ever in possession of the
interference. Having failed to prove title, either by
record or adverse possession, it follows that appel-

lant's petition was properly dismissed. That being true, it is unnecessary to consider the question of appellee's adverse possession.

Judgment affirmed.