Smith, &c., v. Ryan, &c.

Case 98—Petition Ordinary, Transferred to Equity—May 28.

# Smith, &c., v. Ryan, &c.

### APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

1. Tax Sales.—The power to sell property for taxes is altogether statutory, and must be strictly pursued.
2. Same—pleading.—In an action by the original owner to recover the property from one to whom the purchaser at the tax sale has conveyed, the defendant must be treated as the purchaser at a tax sale bringing the action for possession, and he must, therefore, aver and prove that the steps necessary to a valid sale were taken, save so far as the plaintiff may, by doing so, relieve him of this necessity.
3. Same.—It was unnecessary to aver in the answer that the property brought the full amount of the taxes. This is to be presumed, as otherwise it would have been the duty of the officer to have purchased for the State.
4. Same.—Where the tax-payer is a non-resident of the county it is not necessary that the officer, before making a levy upon his property, should tender to him or his agent a receipt.
5. Same.—A tax sale for anything more than is lawfully chargeable is a sale without jurisdiction, and, therefore, void

G. W. WILLIAMS for appellants.

1. One in possession claiming under a tax title must allege and prove his title as if plaintiff in an action of ejectment.
2. In order to recover on a tax title it must affirmatively appear that every requirement of the statute in reference to the amount of tax for which the sale was made, notice, receipt and advertisement, was complied with. (Helm v. Payne, 1 Ky. Law Rep., 350; Cooley on Taxation, 419-20, 648; Covington v. People's Building Association, Ky. Law Rep., vol. 4, 258, 738; Quinlan v. Callahan, 81 Ky., 620; Gen. Stats., chap. 92, sec. 12; Dauber's Adm'r v. City of Louisville, 5 Ky. Law Rep., 865.)
3. A sale for any amount in excess of the amount of taxes renders the sale void. (Desty on Taxation, 866, 869.)

THOMAS H. HINES and REUBEN A. MILLER for appellees.

1. To subject land to the payment of taxes no demand is necessary unless the owner lives in the county and is in the county, and no levy

and no valuation is necessary. (Gen. Stats., chap. 92, art. 9, secs. 13, 15.)

2. After two years from such sale the title vests in the purchaser without conveyance from the sheriff. (Gen. Stats., chap. 92, art. 9, sec. 18.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

August 20, 1877, the appellee, John R. DeHaven, as sheriff, sold two adjoining town lots, belonging to Mary J. Bates, for the State taxes thereon for 1875 and 1876. The appellee, Pate, purchased them for $8.50, and the sheriff gave him the usual certificate evidencing the purchase. The evidence does not clearly show what they were then worth, but certainly much more than this sum —probably from $300 to $400. Not long after the expiration of the two years within which the former owner may, under our law, redeem his property when sold for taxes, Pate, by assignment on the back of his certificate of purchase, and which had been properly recorded, transferred his purchase to DeHaven for $31.50. It is proven that the latter, as sheriff, had prior to this transfer made Pate a deed to the property, but it had never been recorded, and is not a part of this record.

February 24, 1880, DeHaven sold the property to the appellee, Ryan, for $220, and Pate never having conveyed to DeHaven, they both united in a deed to Ryan, and he went into possession of the property.

In March, 1881, Mary J. Bates brought this action against him, in the form of ejectment, to recover it. During the pendency of the action in the lower court she died, having devised this property to the appellant, Fannie Smith, and the suit was revived in her name. Amended pleadings were filed, making Pate and

DeHaven defendants; the action was transferred to the equity side of the docket by consent, and a judgment finally rendered dismissing the petition.

It is now contended, first, that the lower court should have rendered judgment for the appellant, Smith, upon the pleadings; and if this be not so, then, secondly, it should have done so upon a consideration of the entire record and the merits of the cause.

The real question is, did the tax sale divest the testatrix of title?

The claim that Pate had no interest in fact in the tax purchase, but really bought the property for the sheriff and by collusion with him, and that the appellee, Ryan, knew this, is not supported by any evidence. Indeed, it is affirmatively shown that there was not only no understanding between DeHaven and Pate that the latter should make the purchase, but that the sheriff had no knowledge he intended to bid on it. The three successive sales appear to have been made in good faith. Undoubtedly this is true as to the purchase of Ryan, who, since he became the owner, has improved the property considerably.

The pleadings of the appellant aver that the sheriff failed, before he made the levy, to demand payment of the taxes, or to tender either to her or her agent a receipt showing the taxable property, its value and the tax due; that he did not advertise the sale as required by law; that there was no valid assessment, and that the records do not show whether the tax was for school purposes or State or county revenue. All these averments are put in issue. It is true the pleadings upon both sides are of a

very general character, but the parties prepared the case, and it went to trial upon the merits, and as if the issues were fully and fairly made, as indeed they substantially are, without objection from either side.

The power to sell property for taxes is altogether statutory; it must be strictly pursued, and the. appellee must be treated as a purchaser at a tax sale bringing the action for possession. In other words, he must aver by pleading, and show by testimony, save so far as the other side may by doing so relieve him from this necessity, that the statutory steps were taken which are necessary to a valid tax sale.

The pleadings agree that the property was sold for taxes. It is averred in the amended petition that Mary J. Bates was a non-resident of the county. This dispensed with the necessity of tendering to her, before a levy, the receipt above named.

The statute then in force provided: "The sheriff, "before he makes a levy for taxes, shall tender the per- "son from whom the tax is due, *if resident of and in the* "*county*, a receipt, in which he shall specify the taxable "estate with which such person is charged, the value and "amount thereof, and the tax due." (Gen. Stats., Ed. 1883, chap. 92, art. 8, sec. 12.)

The answer to the amended pleading avers that a demand was made of her agent, and receipt tendered to him. This was unnecessary. It tends to show, however, that the officer had no purpose of advantage, and it is proven that the agent refused payment.

It is affirmatively alleged, by the appellees, that the property was appraised; that the sale was advertised as

in case of the sale of like property under execution ; and all this is sufficiently proven.

It was unnecessary to aver, in the answer, that the property brought the full amount of the taxes. This is to be presumed, because the statute provided that in case no one should bid the full amount thereof and the costs of the proceeding, the officer making the sale should do so in behalf of the State. (Gen. Stats., Ed. 1883, chap. 92, art. 8, sec. 14.) An outsider having purchased the property, it must be presumed it was at the price of all the taxes and costs of their collection, else the State would have been the purchaser.

It is averred, however, in an amended petition, that the sale was for the State taxes. The answer to it so admits. The pleadings do not aver, nor does the testimony disclose, that any other tax, either county, school or for other special purpose was due. The assessment of the property for the years named is a part of the record, and the then rate of State taxes upon it, together with all costs and fees for collection then allowable, do not amount to one-half the sum for which the sale was made. Not only, therefore, do the pleadings of the appellees fail to aver the amount of the taxes, and not only is this omission not supplied by those of the other side, but it is affirmatively shown that they, together with all costs of collection, did not amount to as much as the sum for which the sale was made by at least one hundred per cent.

A tax sale for anything more than is lawfully chargeable is a sale without jurisdiction, and, therefore, void.

(Cooley on Taxation, page 344.)   If made for more than is due it is an excess of jurisdiction.

As already said, when the purchaser at a tax sale insists upon his purchase he must take upon himself the burden of showing that it was made in all respects substantially pursuant to law.   He is under the necessity of showing the substantial regularity of all the steps and proceedings leading up to the sale.   The certificate of sale given by the officer, or the deed made by him to the purchaser, can not be relied upon for this purpose.   They prove their own execution and nothing more.   No officer can make out his own jurisdiction to act by the mere fact of acting.   We can not in this instance, therefore, turn to either the sheriff's certificate of the sale, or the deed to the purchaser, for information as to what taxes were owing; and as this record stands, the appellees have not only failed to show that taxes were owing to the amount for which the sale was made, but the contrary affirmatively appears.

It results that the sale was void, having been made for a sum in excess of the taxes due and the fees and cost of collection.

The judgment is reversed, with directions to render a judgment for the appellant, Fannie Smith, for the property and costs of this action; but in restoring it the Chancellor will pay proper regard to the equities between the parties as to the taxes which were in fact owing, the value of the permanent improvements made by appellee, Ryan, and the rents or the use of the property by him.