CASE 70—PETITION EQUITY—APRIL 30.

## Allen v. Perrine.

APPEAL FROM MASON CIRCUIT COURT.

1. SUBROGATION—PAYMENT OF TAXES—INJUNCTION.—The principle of subrogation rests mainly upon the fact that a party pays the debt of another which he was legally bound to pay; and if a sheriff voluntarily pays taxes assessed against one who owns both real and personal property, and without objection allows the owner to dispose of the personal property, which was more than sufficient in value to have paid his taxes, he will be enjoined from selling the real estate to pay all the taxes upon the application of a lien holder on the real estate, who held the lien prior to the time the taxes accrued thereon.

2. STATUTORY CONSTRUCTION—PAYMENT OF TAXES—BY LIENHOLDER.—The provision of section 4032 of the Kentucky Statutes authorizing any person having a lien on property upon which the owner has failed to pay the taxes, to pay the same, and providing that he shall be subrogated to the lien of the Commonwealth, does not authorize one holding a lien on land to pay off all the taxes of the owner thereof, and thereby be subrogated to the lien of the Commonwealth on his personal property.

3. INJUNCTION TO PREVENT SALE OF LAND.—The owner of land may

maintain an action for injunction to prevent the threatened sale of his land, which would cast a cloud upon his title which could only be removed by an equitable proceeding, as he would have no adequate remedy at law.

A. M. J. COCHRAN FOR APPELLANT.

1. If there is sufficient personal property to pay the taxes, the sheriff has no right to sell real estate to pay the same under the express provisions of section 15, article 9 of chapter 92 of the Kentucky Statutes, and as the petition alleges that during each of the years the taxes for which the sale is attempted McAtee had sufficient personalty to pay the same, the petition stated a good cause of action.

2. Subrogation is an equitable doctrine and is only applied where the party who is subrogated has been compelled to pay the debt of another. 24 Am. & Eng. Enc. of Law, pp. 187, 190, 192 and 193.

THOS. R. PHISTER FOR APPELLEE.

1. The law does not contemplate that the taxes should be lost by a mere failure to levy on the personalty when real estate remains out of which they may be made. Smith v. Mitchell, 9 Ky. Law Rep., 813; Husbands v. City of Paducah, 5 Ky. Law Rep., 193.

2. Equity will not interfere by injunction with the enforcement, or collection of taxes because of irregularities, illegalities or errors in an assessment, or in the proceedings incident to collection; in such cases it is presumed that an adequate remedy may be found at law. High on Injunctions, sec. 486; Cooley on Taxation, chap. 24, pp. 536 and 561; sec. 4155, Ky. Stats.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

It is substantially alleged in the petition in this action that the appellant is the owner of eighty-nine acres of land in Mason County, conveyed to her by deed January 5, 1893, by Allie B. McAtee, and that at the time of the conveyance appellant held a mortgage upon the same to secure an indebtedness due her from said McAtee in the sum of four thousand dollars, with interest from June 25, 1889, until paid, which note and mortgage were executed on

June 25, 1889, and was outstanding lien on said land during the years 1889, 1890, 1891 and 1892, and said land was worth in value less than the mortgage lien during these years and at the time of the conveyance to her.

It is further alleged in substance, that during each of said years the said McAtee owned and had in his possession, on said land, in this Mason County, personal property which exceeded greatly in value the amount of taxes due from him to the State of Kentucky and County of Mason, and such fact was known to the defendant, Samuel P. Perrine, who was deputy sheriff of Mason County during said years of 1889, 1890, 1891 and 1892, for John W. Alexander, sheriff of Mason County, and afterwards J. C. Jefferson, sheriff of said county, and ever since has been and still is said deputy, and who had in his hands for collection the taxes due from said McAtee for each of said years; that the defendant Perrine notwithstanding he knew of this fact suffered and permitted said McAtee to sell and dispose of said personal property, and collect and receive the proceeds therefor, without making any attempt to collect his said taxes out of same; and has caused the property conveyed to her by McAtee in 1893, and which she now owns, to be advertised for sale at the court-house door on the 11th day of March, 1895, for the taxes due from the said McAtee for said years of 1889, 1890, 1891 and 1892, amounting to the sum of $268.30, all of which plaintiff had no notice of before said advertisement, and unless enjoined and restrained from so doing he will sell in pursuance to said advertisement. That said defendant and his principal had accounted to the State and county for

the taxes due from said McAtee for said years at the time they were required to settle, and the same is now due the defendant and not the Commonwealth of Kentucky or the county of Mason. That said threatened sale for taxes for said years of 1890, 1891 and 1892, will produce great and irreparable damage to plaintiff. An injunction was prayed for and obtained restraining the defendant from selling the land for the taxes for the years of 1890, 1891 and 1892.

The defendant entered a general demurrer to the petition, which was sustained by the court, and plaintiff failing to plead further her petition was dismissed, and the injunction dissolved, and judgment rendered against her for costs. To which plaintiff excepted and prayed an appeal to this court which was granted.

It appears from the petition that the appellant had a mortgage lien upon the land in question for an amount in excess of its value at and before the time the taxes enjoined were assessed, or became a charge against McAtee, and that she purchased the land in 1893, taking therefor an absolute deed in part discharge of her mortgage debt.

It is the contention of the appellee that the Commonwealth had a lien upon the land in contest for the taxes in question, and that the sheriff having accounted for the same, that he is subrogated to all the rights of the Commonwealth.

Section 4021, Kentucky Statutes, which seems to be substantially the same as the provisions in the General Statutes, provides that the Commonwealth and each county shall have a lien on the property assessed for the tax-

es due them respectively, which shall not be defeated by gift, devise, sale, alienation or any other means whatever, unless the gift, sale, devise or alienation, shall have been made for more than five years before the institution of proceedings to enforce the lien, and nothing shall be exempt from levy and sale for taxes and costs incident to the sale.

It will be seen that the appellant acquired her lien upon the land in contest in June, 1889, before any lien had attached for the taxes in contest. One of the questions to be determined is whether or not the defendant can voluntarily pay McAtee's taxes for the years named, and knowingly permit McAtee to dispose of his personal property sufficient to pay for the taxes due from him, and yet be entitled to sell the land in question in satisfaction of the entire amount of taxes due from McAtee for the years aforesaid.

It is evidently a fact, as the taxes in this case amounted to $268.30, that McAtee was the owner of a large amount of property in addition to the land in controversy. It will thus be seen that if appellee's contention is sustained, the result will be that appellant must pay a large sum of taxes justly due from McAtee, upon property other than the land in controversy. It is clear that it was McAtee's duty to pay the taxes in question.

It is contended by the appellee that the sheriff having accounted to the State and the county for the taxes due from McAtee, that he thereby became subrogated to all the rights that the State and county ever had in respect to the collection of the taxes.

The principle of subrogation rests mainly upon the fact that a party pays the debt of another, which he was legally bound to pay.  But if we concede that the sheriff, on account of his failure to collect the taxes due from McAtee, became as a matter of law bound to pay the same to the State, and thereby acquire any right of subrogation, that right must be subject to prior equities, and to all rules of equity.

It is said in American and English Encyclopedia of Law, page 187, "Subrogation is the substitution of another person in the place of the creditor or claimant to whose rights he succeeds in relation to the debt or claim asserted, which has been paid by him not voluntarily."

It is further said in same work, page 191, "Subrogation is an equitable and not a legal right. . . . Being a creature of equity, it will not be enforced where it will work an injustice to the rights of those having equal equities."

On page 192 of the same work it is said, "Subrogation will not be permitted in favor of one who is ultimately or really liable for the debt discharged, nor in favor of one who would thereby be permitted to derive an advantage from, or to establish his claim through his own wrong or negligence, or inequitable or illegal taking."

In the case at bar, it is shown by the petition, which must in this case be taken as true, that McAtee had an abundance of personal property during all the years of 1890, 1891 and 1892, sufficient to pay his taxes, situated in Mason county, Ky., which was known to the appellee, and that he, appellee permitted said property to be sold

Allen v. Perrine.

and disposed of without any effort to collect the taxes, which were then in his hands for collection. His delay was a matter of choice. It may have been done, as suggested in appellee's brief, for the accommodation of Mc-Atee. It was certainly his duty to levy and sell the personal property before levying upon any real estate; and to allow him, for the accommodation of the taxpayer or for any other purpose, to sit idly by and permit this personal property to be disposed of, and then attempt to collect the taxes by a sale of appellant's land seems to us to be in violation, not only of the principle above quoted, but contrary to natural justice and inconsistent with any rule of equity known to the law. If the appellee be permitted to enforce the collection of these taxes by a sale of the land in contest, he simply makes appellant pay the taxes of McAtee, and that, too, without any reason or excuse, unless his desire to accommodate McAtee be considered an excuse. He delayed to collect the taxes manifestly for his own accommodation or that of McAtee, and he should not now be allowed to collect the same off of an innocent party, and a party who never was under any obligations to pay the taxes, and, so far as this record shows, had no notice until the filing of this suit of McAtee's failure to pay.

It has been repeatedly decided by this court that it was the duty of the sheriff to sell the personal property of a delinquent taxpayer, if it be found in the county, before he levied upon or sold the land, and that a sale of the land, when he could have made the taxes by a sale of personal property, was void, or at least passed no title to the purchaser. It may be true, that as between the sheriff

Allen v. Perrine.

and the taxpayer, that if the sheriff had delayed the col-
lection of the taxes at the instance of the tax payer, or
through negligence, and the taxpayer had disposed of his
personal property that the sheriff might within the five
years levy and sell real estate, because it was the duty all
the time of the taxpayer to pay the taxes, and the in-
dulgence would be presumed to have been for his bene-
fit, or at his instance, and he would not be heard to com-
plain or avail himself of the delay to the detriment of
the sheriff, but no such state of affairs exist in this case.
The delay was evidently for the benefit of McAtee or the
sheriff or both.  The negligence was that of the appellee,
and manifestly the appellant should not be made to suffer
on account of the negligence of the sheriff, or for the bene-
fit of McAtee.  We do not think that appellant was un-
der any obligation to pay McAtee's taxes, nor do we think
that any presumption should be indulged in that she knew
they were unpaid, and if she was aware of that fact, we
are unable to see in what manner she could have protected
herself against the liability now sought to be imposed
upon her any further than the amount of taxes due upon
the land in question.

We have been referred to section 432 of the Kentucky
Statutes as authorizing appellant to have taken such ac-
tion as would have protected her from the claim of ap-
pellee herein.  Said section reads as follows:

"Any person having a lien on property upon which the
owner has failed to pay the taxes, and has become de-
linquent, such lien holder may pay the taxes, interest and
penalty thereon, and shall be subrogated to the lien of the

Commonwealth, county or district therefor, and the sum so paid shall bear legal interest from the date of payment, and shall be collectible in the same manner as the original claim of the lien holder."

The most that appellant was authorized to have done was to have paid the amount of taxes due upon the valuation of the land, and thus obtained an additional lien upon the land, which would have been utterly worthless in this case. And if appellee's contention is to be sustained, he could have still sold this same tract of land for the residue of taxes due from McAtee. There is no statute or law, that we are aware of, by virtue of which appellant could have paid McAtee's taxes, and levied and sold his personal property therefor.

It seems clear to us that the appellee had no right to sell the land in question for the taxes claimed. It is manifest that appellant had a right to maintain this action, and obtain an injunction for the reason that a sale of the land in question would have cast a cloud upon her title, which could only have been removed by an equitable proceeding; hence she had no adequate remedy at law.

For the reasons given the judgment appealed from is reversed, and cause remanded with directions to overrule the demurrer, and for proceedings consistent herewith.