CASE 35.—ACTION BY THE CITY OF LOUISVILLE AGAINST JACOB SEIBERT AND OTHERS TO ENFORCE A LIEN FOR TAXES.—April 12.

## Seibert, &c., v. City of Louisville.

Appeal from Jefferson Circuit Court (First Chancery Branch).

SHACKELFORD MILLER, Judge.

'Judgment for plaintiff. Defendants appeal. Affirmed.

1. Municipal Corporations—Actions—Enforcement of Taxes—Laches.—Under the statute providing that limitations shall run against both state and municipal taxation, a city's right to enforce a tax lien may be lost by inexcusable laches.

2. Lis Pendens—Tax Lien—Enforcement—Laches—Bona Fide Purchasers.—Where the claim of a city for taxes against certain land sold to defendant trust company pending suit to

Seibert, &c. v. City of Louisville.

foreclose the city's lien could have been ascertained by the purchaser by application to the proper officer, a delay of five years in prosecuting such suit did not dissolve the lis pendens as against defendant, though it purchased without actual notice of such suit.

LANE & HARRISON for Appellants.

PROPOSITION AND AUTHORITIES.

After an action to enforce a lien for taxes assessed and levied by the appellee has been permitted to sleep on the docket for eight years, seven months and seventeen days without a step being taken in its prosecution, it is too late to wake it up to the prejudice and confusion of an innocent purchaser for a valuable consideration and without notice. (Watson v. Wilson, 2 Dana, 411; Clarkson v. Morgan, 6 B. Mon., 448; Irhmann v. Kendrick, 1 Metcalf, 149; Petree v. Bell, 2 Bush, 58; Hawes v. Orr, 10 Bush, 439; Kelly v. Culver, 25 Ky. Law Rep., 443; Louisville v. Burke, 27 Ky. Law Rep., 899; Clark v. Keller, 3 Bush, 223; Louisville v. Johnson, 95 Ky., 257; Section 2524 Kentucky Statutes; Louisville v. Meglemry, 21 Ky. Law Rep., 751).

A. E. RICHARDS, R. A. BATMAN AND ELMER C. UNDERWOOD for Appellee.

POINTS AND AUTHORITIES.

1. In the assessment of real estate for taxes by cities of the first class, a mere mistake in the name of the owner does not affect the validity of the tax where the property is correctly described. (Kentucky Statutes, section 2986).

2. No person can be heard to complain of a judgment which does not affect him or his property, especially where he has taken no appeal. (Civil Code, section 734).

3. A delay of less than five years in pressing a tax suit is not such delay as will deprive said suit of its character as a lis pendens, as the law does not require the same diligence in the prosecution of suits to recover public revenues as is required in ordinary litigation. (Am. & Eng. Ency. of Law, 2 Ed., vol. 21, p. 623; Id., vol. 19, p. 188; Gossom v. Donaldson, 18 B. M., 230; Norris v. Ile, 152 Ill., 190; Morgan v. Hammett, 34 Wis., 512; Latta v. Wiley, 92 S. W., 433).

4. Where a suit has been filed before the expiration of the

period of limitation, mere delay in bringing the case to trial will not cause limitation to run. (City of Louisville v. Meglemery, 107 Ky., 122; 21 Ky. Law Rep., 751; City of Louisville v. Hornsby's Executor, 23 Ky. Law Rep., 1238).

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

In the year 1896 the city of Louisville instituted this action in the chancery division of the Jefferson circuit court to enforce a lien for taxes upon the lot of land described in the petition. Jacob Seibert, the owner, was duly served with summons, and then nothing was done, either by the plaintiff or the defendant, in the prosecution of the suit thus instituted, until 1901, a little less than five years after the beginning of the litigation. In January, 1905, the Columbia Finance & Trust Company purchased the property of Seibert and paid him for it. Thereupon the city amended its petition, making the purchaser a party defendant. The trust company filed an answer, substantially pleading its want of notice of the pendency of the suit or the existence of the tax bill which constituted its basis, and charged gross negligence and laches upon the city, and prayed that the lis pendens originally established by the beginning of the action should be held to be lost by the negligence of the plaintiff in the prosecution of the action. A demurrer to this pleading was sustained, and in failure of a further plea on the part of the trust company a judgment was entered enforcing the city's lien against the property and ordering a sale for the payment of the judgment.

The question sharply presented is whether or not a lapse of five years from the institution of an action such as this, without any step being taken to prosecute

it, has the effect of dissolving the lis pendens in the interest of a bona fide purchaser without notice. Undoubtedly such gross and inexcusable negligence in the prosecution of an action as would indicate an intention on the part of the plaintiff to abandon its claim will be construed to have that effect, and especially in the interest of a bona fide purchaser without notice; but there is no hard and fast rule upon the subject. Always the question arises: ''What is reasonable diligence under the circumstances?'' And certainly the courts will not be inclined to unduly strain a principle to the injury of the municipality in the collection of its taxes. In the absence of an express statute, limitation does not run against the State, and municipalities, in the exercise of their governmental functions, are a part of the State, and perform the sovereign's functions within a given location. In this State limitations by express legislative enactment run against both State and municipal taxation, and undoubtedly, by analogy, equity will apply the principle by which a lis pendens is lost if the delay in the prosecution be unduly long or inexcusably negligent.

In the absence of a hard and fast rule upon the subject, it remains to be decided whether or not a delay of five years in the prosecution of a tax claim will destroy the city's lis pendens lien. In Am. & Eng. Ency. of Law (2d Ed.), vol. 21, p. 623, the law applicable to lis pendens is thus stated: ''The prosecution of an action or suit without undue delay, as a requisite of the lis pendens, originated in Lord Bacon's twelfth ordinance in chancery, declaring the effect of a decree on pendente lite purchasers of the property involved in litigation. It is generally held that the intermission must be for so long a time that, if unexplained, it

will raise a presumption of abandonment, or justify the application of the established principles of estoppel; the benefit of the lis pendens being lost only by unusual and unreasonable negligence, and not merely by a failure to prosecute the action or suit to a final determination as speedily as might have been done. No hard and fast rule, however, can be laid down for the government of all cases, but the question of reasonable diligence in prosecuting must of necessity depend upon the particular facts and circumstances of each case.'' In volume 19 of the same work, at page 188, in discussing the general question of laches as applied to claims of government, it is said: ''The prerogative of royalty in regard to the limitation of actions extends to republican governments, and the maxim, 'Nullum tempus occurrit regi,' applies in the United States, both as to the federal government and as to the several States, except where express statutory provisions to the contrary exist. A State statute cannot bar the United States, and it will not be construed as barring the State itself, unless the intent to do so is clear beyond question. In such cases, all doubts are to be solved in favor of the immunity of the State from the operation of the statute.'' On page 191 the application of this rule to municipalities is thus expressed: ''The better rule seems to be that, where a municipality seeks to assert rights which are of a public nature and such as pertain purely to governmental affairs, the exemption in favor of sovereignty applies, and the statute of limitations will not constitute a bar unless it is expressly so provided. But in all other respects counties, cities, and other municipal subdivisions are governed by the statute as fully and to the same extent as individuals.''

In the case of Gossom v. Donaldson, 18 B. Mon.

230, 68 Am. Dec. 723, it was held that a delay of five years in the prosecution of a suit did not deprive it of its efficacy as a lis pendens. It was said in the opinion: "The suit had been pending upward of three years when Middleton purchased the land in contest, and it was about two years afterward that Donaldson made his purchase at the decretal sale. The suit might have been prosecuted with more vigilance and dispatch. It is not necessary, however, in order to retain the character of a lis pendens, that a suit should be prosecuted with even ordinary diligence; but, as a lis pendens is created by the institution of the suit, it can only be lost by unusual and unreasonable negligence in its prosecution. Considering the nature of the controversy, in which a question of fraud in the execution of a deed of conveyance was involved,, there was not such laches, in our opinion, in the prosecution of the suit in which the decretal sale was made, as would operate to exonerate Middleton from his liability as a pendente lite purchaser; but, having purchased during the pendency of the suit, he and those claiming under him are bound by the decree and sale that were made in the case. Consequently the title of Holdensby Dixon to an undivded sixth part of the 400 acres, of which his father was the patentee, vested in the purchaser at the decretal sale, and Middleton acquired no right or title to it by his purchase, or at least any right or title he did acquire was subordinate to that with which the purchaser at the decretal was invested." In Norris v. Ile, 152 Ill. 190, 38 N. E. 762, 43 Am. St. Rep. 233, the failure to take steps in a suit to foreclose a mortgage for four years it was held did not destroy a lis pendens in the interest of a bona fide purchaser without notice. The court said: "It has been said that, in order to prevent a suspen-

sion of lis pendens, there must be a full or continuous prosecution of the suit. But the rule in reference to a continuous prosecution simply requires that there shall be no such neglect in the prosecution as cannot be explained and appears to be inexcusable. Mere lapse of time does not indicate such negligence. If the cause finally goes to decree or judgment, it will be presumed, in the absence of any showing that there has been a negligent intermission of the prosecution, that there has been a binding lis pendens, and that interveners pendente lite are bound by the decree or judgment. As a genral rule there will be no estoppel against the right to enforce the lis pendens, unless the plaintiff or complainant in the suit has been so negligent in its prosecution as to induce the belief that such prosecution has been abandoned. In the present case we find nothing in the record to show that there was any such negligence in the prosecution of the foreclosure suit as to overcome the presumption of a binding lis pendens. In the case of Morgan v. Hemmett, 34 Wis. 512, it was held that a delay of five years in prosecuting a suit was not such a delay as prevented the suit from being a lis pendens. In Latta v. Wiley (Tex. Civ. App.), 92 S. W. 433, the court, after reviewing a number of authorities, said: "Upon the whole, the doctrine seems to be that the delay which may relieve a purchaser from the rule of lis pendens must proceed from gross negligence, or, in other words, be inexcusable."

It is a matter of common knowledge that in large cities there are many delinquent taxpayers, and the collection of the city's revenue is hard and tedious; that the number of suits necessary to institute each years is very large, and the delays in obtaining judgment, owing to the crowded condition of the dockets,

is necessarily long. Upon the whole case we do not feel at liberty to hold that the city has lost its lien; and while it must be assumed that the trust company did not actually have notice of the pendency of the claim for taxes (this being admitted by the demurrer to the answer), yet we also know that the existence of these taxes is a matter of public record, and an application to the proper municipal officer, or an examination of his books, would fully disclose the claim involved in this action.

The chancellor was of opinion that the lis pendens lien of the city was not lost by reason of the delay pleaded by the trust company, and in his opinion we concur. For this reason, his judgment is affirmed.