### Collins v. Lane.

(Decided December 3, 1912.)

## Appeal from Trigg Circuit Court.

Taxation—Tax Sale for More Than Necessary Void—Lien of Purchaser.—A tax sale for anything more than is lawfully chargeable is a sale without jurisdiction and therefore void and passes no title to the purchaser, but he will have a lien on the land for the amount of taxes paid.

W. H. HOOKS for appellant.

JOHN D. SHAW and JOHN W. KELLEY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This litigation involves the title and ownership to about fifty-four acres of land. The appellant claims to be the owner of it by virtue of a tax deed, while the appellee traces his title back by regular conveyances to persons who owned the land when it was sold for taxes.

In April, 1898, the sheriff of Trigg County sold the land in controversy for taxes due for the years 1892 and 1893 by Martha Wims, and for taxes due for the year 1897 by E. Polk Shelby. The total tax and cost amounted to $5.80, but the sheriff sold the land for $6.80. The report of the tax sale at which W. T. Collins, the husband of appellant, purchased the land for her and in her name, shows that it was sold to him for $6.80, and the deed recites that "W. T. Collins, for Susan M. Collins, being the highest bidder, became the purchaser thereof at $6.80, which sum has been fully paid to satisfy the amount due," and it is under this report of sale and sheriff's deed that appellant claims title to the land.

As the appellant must recover, if at all, on the strength of his own title, the only question in the case that we need consider is, did the appellant become vested with the title by virtue of the tax sale? In Smith v.

Ryan, 88 Ky., 636, the court said, "A tax sale for anything more than is lawfully chargeable is a sale without jurisdiction, and therefore void. If made for more than is due, it is an excess of jurisdiction." To the same effect are Fish v. Genett, 22 Ky. L. R., 177; Husbands v. Polivick, 128 Ky., 652; Kentucky Lands Investment Co. v. Towery, 146 Ky., 537.

As the tax sale at which appellant became the purchaser was void because the land was sold for more than was due as taxes, penalty and costs, it follows that appellant did not acquire any title to the land, either by the certificate of purchase given to her by the sheriff or by the tax deed made by the sheriff. All that she became entitled to by virtue of her purchase was a lien upon the land for the amount paid at the tax sale, and in the judgment appealed from the lower court gave appellant a lien on the land for this amount, with statutory interest thereon.

This judgment was correct, and it is affirmed.