## Ohio Valley Banking & Trust Company v. City of Henderson.

(Decided March 19, 1918.)

## Appeal from Henderson Circuit Court.

1. Taxation—Purchaser of Real Property Upon Which Tax Has Been Assessed—Liens.—The purchaser of real estate under a decretal sale upon which a tax has been assessed and become due, has no right to assume that such tax has been paid; nor will such assumption protect the property in his hands against the later coercive payment of the tax.

2. Taxation—Lien of Cities For.—Under Kentucky Statutes, section 3375, applicable to cities of the third class, "The city shall have a lien for five years from the date of assessment on the property assessed, and on all other property of every person or corporation, for all taxes due by them respectively, to the city, which shall not be defeated by gift, sale, alienation, or any means whatever, and nothing shall be exempt from levy and sale under a tax warrant."

3. Taxation—Purchase of Real Property Upon Which Tax is Assessed —Liens.—The fact that the taxpayer had personal property out of which the tax on the property sold at the decretal sale could at one time have been made, would not relieve it of such tax in the hands of the purchaser, as the city had a lien on the property for the tax, which could be discharged only by the payment of the tax.

4. Taxation—Duty of Collector to Subject Personalty—Lien Upon Realty.—It is the duty of the tax collector to first subject the personal property of the taxpayer before proceeding against his real estate, but this provision of the law is for the benefit of the taxpayer who owes the tax, rather than the purchaser who buys the real estate against which the tax is assessed and for which the city has a lien. Mere neglect of duty on the part of the officer entrusted with the collection of the tax will not destroy the lien of the city upon the property of the taxpayer, whatever might be the liability of the officer for such dereliction of duty.

YEAMAN & YEAMAN for appellant.

B. S. MORRIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

September 12, 1910, John W. Geibel, of the city of Henderson, filed his petition in bankruptcy, was adjudged a bankrupt and finally discharged freed of such of his debts as his property did not pay. In addition to a considerable amount of personal property, he owned a storehouse and lot on Green Street in the city of Henderson, another storehouse and lot on First Street and also a life estate in another parcel of real estate on Second Street; the two pieces of property last mentioned being also in the city of Henderson. The appellant, Ohio Valley Banking & Trust Company, held a vendor's lien for purchase money due on the storehouse and lot on First Street. On August 24, 1910, it brought suit in the Henderson circuit court for the enforcement of its vendor's lien on this property. To this suit the appellee, city of Henderson, was not made a party. September 8, 1910, and before Geibel filed his petition in bankruptcy, a judgment was rendered in the action referred to directing the sale of the First Street property in satisfaction of the appellant's lien debt, and it was later sold by the master commissioner in pursuance of the judgment and purchased by appellant at the amount of its lien debt. Thereafter appellant received through the commissioner a deed conveying the First Street property to it. Geibel had listed for taxation for the year 1910 this and the other property belonging to him. Geibel's wife also owned a house and lot on Green Street in Henderson where they resided. The taxes due the appellee on all the property, including that of the wife, was made out in a single tax bill. Geibel's brother, Fred P. Geibel, paid the city tax on the residence property owned by the former's wife and a part of the tax on the Second Street property, in which he, Fred, owned a remainder interest. John W. Geibel's trustee in bankruptcy paid the city on his personal property and also on the Green Street property, but refused to pay it on the First Street property as it was then owned by the appellant. The trustee in bankruptcy never took charge of nor had anything to do with the First Street property for that reason.

Having failed to collect the tax due on the First Street property, the appellee instituted this action in the Henderson circuit court to enforce its tax lien. In which an answer was filed by appellant denying the right of the appellee to enforce the lien, claiming that it was estopped from so doing by reason of its laches in fail-

ing to have the tax paid on that property out of the funds or assets in the hands of John W. Geibel's trustee in bankruptcy. A reply was filed by appellee denying any laches upon its part in the matter of attempting to collect the tax on the First Street property and setting up the fact that the appellant had become the purchaser thereof under the decree of sale rendered in the Henderson circuit court in the action brought by it and not in the proceedings in bankruptcy. On the hearing, the circuit court adjudged appellee entitled to the tax assessed against the First Street property and ordered its sale for the payment thereof. To this judgment appellant excepted and from it prosecutes this appeal.

It is insisted for appellant that appellee has lost its right to enforce the lien which it had against the First Street property for the tax in question assessed against it in the year 1910 by reason of its failure to collect same out of the personal estate in the hands of the trustee of the bankrupt. Kentucky Statutes, section 3375, applicable to cities of the third class, to which the city of Henderson belongs, provides:

"The city shall have a lien for five years from the date of assessment on the property assessed, and on all other property, of each person or corporation, for all taxes due by them respectively to the city, which shall not be defeated by gift, sale, alienation, or any means whatever, and nothing shall be exempt from levy and sale under a tax warrant."

It is conceded that this action was instituted within the five years. Section 3400 provides in part:

"All taxes shall bear interest at the rate of eight per cent. per annum from the 1st day of October of each year." This section evidently fixes the date when the taxes become delinquent. Although this tax was due before that date, the city had until that time the right to presume it would be paid.

As already stated, Geibel, on September 12th, 1910, and before the date when the tax became delinquent and the interest began to run, filed his petition in bankruptcy and before that date, viz.: August 24th, 1910, the appellant had instituted its suit in the Henderson circuit court against Geibel to enforce its purchase money lien on the First Street property. Had the city been made a party to that action and called upon to assert any tax lien it might have against the property, it would have been required to file its claim and entitled to have the

amount thereof paid out of the proceeds of the sale of the First Street property. It is, however, insisted for appellant that if the appellee had presented its claim for the tax to Geibel's trustee in bankruptcy, he would have paid it as it constituted a lien on the funds in his hands superior to the claims of other creditors, and there were ample funds out of which to pay it. It appears, however, from the record before us that the city did try to have this done but failed. The trustee in bankruptcy paid the taxes due the city on another piece of real property and on Geibel's personal property, but refused to pay the tax on the property in question for the reason, as stated by him, that as appellant then owned the First Street property the trustee believed it to be his duty not to pay same. It will thus be seen that the payment of the tax by the trustee was not refused on the ground that the verified claim was not filed, but because he thought he had nothing to do with the payment of the tax on that property because of appellant's previous purchase of it; and it is conceded by appellant that the First Street storehouse and lot was never in the hands of the trustee in bankruptcy; and also that the decree for the sale of the property had been entered in the action brought by appellant against Geibel before the filing of the latter's petition in bankruptcy. It does not appear that when the tax was demanded by appellee of the trustee in bankruptcy he then had in his hands any tangible property upon which the tax could have been levied. On the contrary it is apparent that he had then converted the personal property of the bankrupt into money.

We are unable to agree with counsel for appellant that it had the right to assume that appellee's tax collector had collected the tax against this property out of the proceeds of the personal estate of Geibel. One purchasing property against which taxes are outstanding cannot assume that they have been paid nor will such assumption protect the property against their coercive payment. It was appellant's duty as purchaser of the property to ascertain whether the tax had been paid thereon and to have protected itself when making the purchase of the property. December 1st is the date fixed by statute when state and county taxes become delinquent although they are due on and after the 1st of March, but it cannot be successfully contended that if a taxpayer becomes insolvent between those dates

or goes into bankruptcy, that the failure of the sheriff to then take steps to coerce payment or file the claim for the tax owing with the trustee, would be a bar to the enforcement of the tax lien against the property of the debtor; and same would be true if the property between the dates mentioned were conveyed to some other person. In City of Middlesboro v. Coal & Iron Bank, &c., 108 Ky. 680, it was held that only persons who had notice of a proceeding by the Commonwealth under Kentucky Statutes, section 616, to have a receiver appointed for an insolvent bankrupt, are bound by the judgment and decree of sale therein; and, therefore, a city not made a party to the action may assert its lien against the property of the insolvent corporation in the hands of the purchaser at the decretal sale.

In the opinion it is in part said:

"We are also of opinion that there is nothing in section 616, Kentucky Statutes, under which the bank was placed in the hands of a receiver, that can be construed as precluding any person, municipality, or taxing district from asserting any claim against any corporation that may be forced into liquidation by the Secretary of State. The proceeding there provided is for the benefit of the public, it is true, but, in our opinion, after the action is begun, and the receiver is appointed, the same rules apply as to any other action of the same nature brought by a creditor or a director of the corporation. Only those who have notice of the proceedings are bound by the judgment and decree of sale. The holders of liens should be brought into court, and their rights adjudicated; but this duty does not, of necessity, devolve on the Commonwealth, and surely, if the Commonwealth fails to bring in all the municipal corporations, and have their rights adjudicated, it can not be said that the municipal corporations lose their liens, if such they had, against the property of the insolvent corporation. In other actions of insolvency the purchaser at decretal sales must protect himself against tax liens. We see no reason why a different rule should obtain in proceedings under section 616."

It must be borne in mind that appellee, city of Henderson, under section 3375 of the statute, *supra*, had a lien upon the real as well as the personal estate of Geibel for all taxes due by him to the city, and the statute declares that this lien "shall not be defeated by gift, sale, alienation, or any means whatever, and nothing shall be

exempt from levy and sale under a tax warrant." In Alexander v. Aud, 121 Ky. 105, certain taxpayers of Daviess county brought a suit enjoining the Auditor's agent from selling their lands which had been bought in by the state for back taxes. One of the grounds relied on for the injunction was that the taxpayers had personal property out of which the taxes could have been made, but we held, "that the fact that the taxpayer had personal property would not render void the sheriff's sale of the (real) property to the state, as the state had a lien on all the taxpayer's property and the sale by the Auditor's agent simply was a means of enforcing that lien. The taxpayer could stop the sale by tendering the tax due, and this had not been done."

It cannot be denied that it is the duty of the tax collector to first subject the personal property of the taxpayer before proceeding against his real estate, but this provision of the law is for the benefit of the taxpayer who owes the tax rather than for the protection of the purchaser who buys the real estate against which the tax is assessed and for which the municipality has a lien. Mere neglect of duty on the part of the officer entrusted with the collection of the tax, even if such neglect had been established, will not, in a case like the one before us, destroy the lien of the municipality upon the property of the taxpayer, although it might subject the officer to liability upon his bond for such dereliction of duty as he might be guilty of.

There is no contention that the tax of $76.00 for which appellee sues to enforce its lien upon the real estate in question is in amount incorrect or that the tax was not duly assessed against the property sought to be subjected, nor is there any claim that the penalty and interest allowed by the judgment are in any particular incorrect.

As we are of opinion that appellee is entitled to subject the property in question to the payment thereof, it follows that there was no error in the judgment directing its sale for the payment of the tax, interest and penalty claimed.

Wherefore, it is affirmed.