## Taylor, et al. v. Arndell, et al.

(Decided June 24, 1921.)

### Appeal from Muhlenberg Circuit Court.

1. Quieting Title—Possession—Waiver.—In an action under section 11, Ky. Stats., to quiet title, the defendants waive the question of possession and elect to try title simply by asserting superior title and asking to have same quieted.

2. Taxation—Sale of Land for Taxes—Title.—A tax sale and deed confer no title upon the purchaser unless the statutory provisions relating thereto have been strictly complied with.

3. Taxation—Tax Deed Prima Facie Evidence of Regularity of Sale.—A tax deed is prima facie evidence of the regularity of the sale and of all prior proceedings and the burden is upon the owner of the land attacking the validity of such a deed to allege and prove fatal irregularities.

4. Taxation—Delinquent Taxes—Distraint.—By section 4149, Ky Stats., the sheriff is required to distrain personal property to satisfy a delinquent tax bill "if found in the county" before he may levy upon the land of the delinquent, hence a levy upon land when at the time there was sufficient personalty belonging to the delinquent upon the land that could easily have been found was irregular and proof thereof is sufficient to invalidate the sale of the land and the sheriff's or auditor's deed therefor.

5. Taxation—Liens.—When such a deed is invalidated by reason of irregularities in any of the proceedings leading up to same the purchaser under the provisions of section 4036, Kentucky Statutes, has a lien upon the land for the amount of the taxes and costs paid by him with interest thereon, and for which he may have judgment against the owner.

TAYLOR, EAVES & SPARKS for appellants.

WALKER WILKINS and BELCHER & BELCHER for appellees.

Opinion of the Court by Judge Clarke—Affirming.

Appellees instituted this action under section 11 of the Kentucky Statutes to quiet their title to 100 acres of land, alleging in themselves as was necessary both title and possession. The appellants by answer and counterclaim asserted superior title to the land under a tax deed to them from the auditor and asked to have their title quieted, thereby waiving the question of possession and electing to try title simply. Fox v. Cornett, 124 Ky. 139, 92 S. W. 959; Hall v. Hall, 149 Ky. 817, 149 S. W. 1128; Sackett v. Jeffries, 182 Ky. 696, 207 S. W. 454; Childers v. York, 187 Ky. 332, 218 S. W. 1027; Frazure v. Northern Coal and Coke Co., 189 Ky. 574, 225 S. W. 479. Appellants also prayed that if their title could not be quieted that they be adjudged a lien upon the land for the amount of taxes and costs paid by them for the deed with interest.

Appellees for reply averred that appellants' tax deed was invalid for several reasons, which allegations were traversed by appropriate pleading.

Upon the issues thus formed, proof was taken and upon submission the chancellor cancelled appellants' deed and sustained appellees' title to the land as heirs of their deceased father, J. C. Arndell but adjudged that the defendants recover of plaintiffs the amount of taxes, penalties and costs paid by them, aggregating $85.91, together with interest and their costs herein.

It was further adjudged that "said defendants have a lien upon said tract of land to secure the payment of said sums and in case said plaintiffs failed to pay said amounts the defendants shall be entitled to a decree for a sale of a tract of land described in the petition to satisfy said amount." For reversal of that judgment the defendants insist that plaintiffs failed to prove any of the alleged defects in their tax deed and if mistaken in that contention the judgment should be reversed nevertheless because erroneous in that no time was fixed within which plaintiffs should pay the sums adjudged them and no sale of the land was ordered to satisfy the adjudged lien therefor.

It has long been the established rule in this state that a tax sale and deed confer no title upon the purchaser unless the statutory provisions relating thereto have been strictly complied with. Jones v. Miracle, 93 Ky. 639, 21 S. W. 241; Smith v. Ryan, 88 Ky. 636, 11 S.

W. 647. And this rule was not changed by the enactment of section 4030 of the statutes which declares that:

"In all suits and controversies involving the titles of land claimed or held under the deed executed by the sheriff (or auditor) in pursuance of the sale for taxes, the deed shall be *prima facie* evidence of the regularity of the sale and of all prior proceedings and title in the person to whom the deed has been executed."

This statute simply relieved the purchaser at the tax sale of the burden of proving the validity of his deed theretofore borne by him and requires the owner of the land to allege and prove that the sale, deed and proceedings leading up thereto were irregular in order to invalidate the deed. Hughes v. Owens, 92 S. W. 595; Alexander v. Aud, 121 Ky. 105, 88 S. W. 1103 ; Waldharber v. Lunkenheimer, 128 Ky. 344, 108 S. W. 327; Mosly v. Hamilton, 136 Ky. 680, 124 S. W. 894; Collins v. Lane, 151 Ky. 8, 150 S. W. 977; Kentucky Lands Investment Co. v. Simmons, 146 Ky. 588, 143 S. W. 43. In the last named case the court said, "It is presumed that the steps leading up to the sale were regularly taken, but if they were not in fact regularly taken the owners of the land may show this and the sale is invalid. The statute (section 4030) simply shifts the burden of proof. The burden now is on the defendant to show that there was some fatal irregularity in the sale. The rule as to what is a fatal irregularity is the same now as under the previous statutes (Hamilton v. Steele, 117 S. W. 378)."

The land involved herein and two adjoining tracts were assessed as the property of J. C. Arndell for 1914 taxes as a single tract containing 200 acres of land and the taxes not having been paid the whole of the same was sold as one tract by the sheriff on December 28, 1914, to the state and county for the amount of taxes due thereon. These same lands were similarly assessed and sold as one tract but as containing 212 acres on January 31, 1916, to the state and county for the amount of the taxes due thereon for the year 1915. The same not having been redeemed for either year was sold in February, 1918, to appellants by a revenue agent for the amount of the taxes, penalties and costs due under the sheriff's sales and the auditor on May 15, 1918, executed and delivered to appellants his deed therefor.

Of the several alleged irregularities in the proceedings leading up to that deed, we need notice but one since the judgment cancelling the deed must be affirmed

because thereof. Appellees properly pleaded and it is conclusively established by the evidence that when the sheriff made the sales of this land to the state and county for the taxes due thereon for the years 1914 and 1915 the owner thereof had ample personal property to pay the taxes and that same was located upon the land sold and could have been found easily by the sheriff if he had made proper effort to ascertain the fact and locate same. This is not controverted by the appellants unless by the testimony of the then deputy sheriff that for one or the other of the two years, and he could not state which one, he went upon the land and had a conversation with reference to the payment of the taxes with some red headed man whom he thought was a son of the then owner of the land, J. C. Arndell. That this feeble and ineffectual effort to find personalty that was then upon the land before levy and sale of the land for the taxes due by the property owner was not a real effort to obey, much less a strict compliance with, the statutes is at once apparent since section 4149 of the Statutes then and now in force provides that:

"As soon as any taxpayer becomes delinquent, the sheriff or the collector of the county where the property is liable shall distrain sufficient personal property of such delinquent, if found in the county, to satisfy all taxes, penalties, interest and penalties due. If sufficient amount of personal property be not found, then he will levy on a sufficient quantity of the delinquent's land for that purpose."

To hold that this provision had been strictly complied with and that the levy upon a delinquent's land was justified when as here it is proven without contradiction that at the time the delinquent had sufficient personal property in the county and on the land to satisfy all taxes, penalties, etc., due from him, would authorize the sheriff to ignore the personal property and sell the land in every case where it was not proven that he had actual knowledge of the existence of the personal property and ownership thereof by the delinquent, and this a delinquent could rarely if ever prove satisfactorily.

To so construe the statute would defeat its evident purpose that land can be sold for taxes only when sufficient personalty for the purpose can not be found by the sheriff. We are therefore of the opinion that the appellees sufficiently established the invalidity of appellants' tax deed to warrant its cancellation. Numerous

such deeds have been held by this court to be void for this reason. Wheeler v. Bramel, 8 S. W. 199; Julian v. Stephens, 11 S. W. 6; Turner v. Town of Pewee Valley, 100 Ky. 288, 38 S. W. 143; Allen v. Perrine, 103 Ky. 516, 45 S. W. 500. A contrary view was expressed in Alexander v. Aud, *supra*, but the opinion therein reversing the judgment was rested not upon that ground but upon the fact that the decision of the lower court relieved the delinquent of all liability for the taxes he had not paid and denied to the state and county a lien therefor upon the land, which is the relief that was granted to appellants herein and to which they were entitled under section 4036, Ky. Statutes. We can not, therefore, accept as authority the uncalled for expression of opinion in the Alexander case based as it was upon Smith v. Mitchell, 9 Ky. Law Rep. 813, a manuscript opinion of the superior court, and Husbands v. City of Paducah, 5 Ky. Law Rep. 193, both of which were decided prior and are not referred to in any of the four cases from this court cited above to the contrary.

The further contention that the judgment herein is erroneous and should be reversed because no time was fixed for the payment by the appellees of the judgment rendered against them and because the lien adjudged against the land was not enforced by order of sale in the judgment is trivial and clearly without merit, since it is apparent from the judgment itself that appellants could have had entered herein an order of sale to satisfy their lien against the land had they but requested it at any time after allowing appellees a reasonable time for satisfying a judgment for about $100.00, which could not have exceeded a few days, and this they may yet do at any time without disturbing the judgment appealed from.

Wherefore the judgment is affirmed.