## Taylor v. City of La Grange.

(Decided Jan. 28, 1936.)

384

ROBERT T. CROWE and GUTHRIE F. CROWE for appellant.

H. ELLIOTT NETHERTON for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

James H. Morris was the owner of certain real estate in LaGrange, Ky., a city of the fifth class. In 1924, Morris mortgaged the property to the appellant for $1,250. He failed to pay the city taxes and waterworks sinking fund assessed against the property for the years 1929, 1930, and 1931, in the aggregate sum of about $56. In 1931 appellant filed suit to foreclose her mortgage and at which time the taxes indicated above had not been paid. She did not make the city a party to the suit which was prosecuted to final conclusion and the property sold in satisfaction of her mortgage and she became the purchaser thereof at the commissioner's sale in satisfaction of her mortgage lien and interest thereon, which at that time exceeded the value of the property, and pursuant to this sale she became the owner of the property.

In 1933, the city filed this action in equity to collect the delinquent taxes and sought a lien against the property.

Appellant filed her answer traversing the material allegations of the petition and, among other things, pleaded that during the years 1929, 1930, and 1931, James H. Morris owned a large amount of personal property out of which said taxes could have been made, but the town marshal of LaGrange, who was the city tax collector, permitted Morris to become delinquent for those years and finally dispose of his personal property, all of which was known to the city tax collector, but was not known to appellant until after she had acquired title to the property, and that by reason of the negligence and conduct of the city tax collector the city waived its lien against her and that she was an innocent purchaser for value. The court sustained a demurrer to that paragraph of the answer with leave to amend, whereupon she filed her amended answer which was practically in substance the same as that to which the court had sustained a demurrer, except she pleaded that by reason of the conduct of the city's tax collector, the city is estopped to assert its lien against the property after she had purchased it. The court also sustained a demurrer to the answer as amended, and defendant failing to plead further, judgment was entered for the relief asked in the petition, and to reverse that judgment she brings this appeal.

Appellant insists that the court erred in sustaining the demurrer to her answer as amended and in support of this insistence she relies on the cases of Allen v. Perrine, 103 Ky. 516, 45 S. W. 500, 20 Ky. Law Rep. 202, 41 L. R. A. 351; Taylor v. Arndell, 192 Ky. 249, 232 S. W. 658, and other cases of like import.

In Allen v. Perrine, supra, Perrine, a deputy sheriff, had settled with the state and paid the taxes levied against Allen's land and then sought to reimburse himself by selling the land under the doctrine of subrogation and it was held that the principle of subrogation would not permit one to establish his claim through his own wrong or negligence. The right of the public to collect its revenue was not involved in that case.

Those cases involve the authority of sheriffs to enforce tax liens against land, and it must not be overlooked that the rights and remedies of sheriffs to proceed against land for the collection of taxes against which state and county may have a lien, and the rights of the collector of taxes of cities of the fifth class and

perhaps other taxing districts are governed by different sections of the Statutes. Kentucky Statutes, sec. 3656, provides that the city shall have a lien for five years from the date of the assessment on the property assessed, which shall not be defeated by gift, devise, sale, alienation, or any means whatever and nothing shall be exempt from levy and sale for taxes; and, section 3644 of the Statutes provides that "the lien for taxes may be enforced by a summary sale of such property, and the execution and delivery of all necessary certificates and deeds therefor, *under such regulations as may be prescribed by ordinance, or by action in any court of competent jurisdiction to foreclose such liens.*" (Our italics.) It does not appear that any regulation had been prescribed by ordinance, hence, the action was brought in the circuit court to enforce the statutory lien. Section 4149 of the Statutes empowers and authorizes the sheriff to levy on a sufficient quantity of the delinquent's land for the payment of such taxes, and pursuant to statutory authority, the sheriffs may sell such land and make deeds thereto to the purchaser; but, the collector of taxes of cities of the fifth class have no such authority in respect to levying on land. Of course, it is the duty of sheriffs and other tax collecting officers to first levy upon personal property, if any available, before proceeding against real estate. This rule is for the benefit of the taxpayer who owes the tax rather than for the protection of the purchaser who buys the real estate against which the tax is assessed. Ohio Valley Banking & Trust Co. v. City of Henderson, 180 Ky. 17, 201 S. W. 497.

Conceding that Morris owned personal property on which the appellee city's tax collector could have levied in satisfaction of its taxes, his negligence or failure to do so will not defeat the city's lien against the property for taxes duly levied and assessed against it. Seibert v. City of Louisville, 125 Ky. 292, 101 S. W. 325, 327, 30 Ky. Law Rep. 1317.

It is insisted for appellant that she did not know of the delinquent taxes against the property at the time she purchased it, and therefore she was an innocent purchaser for value. In the case of Seibert v. City of Louisville, supra, it was held that the court will take judicial notice of the fact that city taxes are a matter of public record and that the purchaser of the property

has constructive notice of such delinquent taxes and the principle of innocent purchaser for value does not apply. The court said:

> "Upon the whole case we do not feel at liberty to hold that the city has lost its lien; and while it must be assumed that the trust company did not actually have notice of the pendency of the claim for taxes (this being admitted by the demurrer to the answer), yet we also know that the existence of these taxes is a matter of public record, and an application to the proper municipal officer, or an examination of his books, would fully disclose the claim involved in this action."

Had appellant made the city a party to her action, it would have then become the duty of the city to assert its tax lien, and the matter could have been adjusted in the sale of the property. But the city cannot now be estopped to assert its rights because of an action to which it was not a party. City of Middlesboro et al. v. Coal & Iron Bank et al., 110 S. W. 355, 356, 33 Ky. Law Rep. 469.

The duty to make the city a party devolved upon appellant under the well-known rule that all lienholders must be made parties to an action to enforce a lien. Another answer to appellant's claim that she was an innocent purchaser is that the rule of caveat emptor applies to judicial sales. In City of Middlesboro v. Coal & Iron Bank, supra, the court, speaking on this question, said:

> "The city, having a lien upon the property, had a right to bring its action against the person then owning the property. It was unnecessary for it to bring before the court the former owners of the property, for its proceeding was in rem, and only the persons then interested in the property were necessary parties to the proceeding. The rule of caveat emptor applies to judicial sales."

And in the same opinion it is pointed out that the knowledge of the city officers that a suit was pending will not estop the city from afterwards asserting its claim. It is the general rule that a plea of estoppel is not available as against a public agency because of the acts or conduct of its officials, and the exceptions to

this rule are rare. We think the present case comes within the rule rather than the exceptions to it.

Under the authorities herein cited, we are constrained to the conclusion that appellant is not entitled to the relief sought and the chancellor did not err in so holding.

The judgment is affirmed.