**58**

COMMONWEALTH of Kentucky ex rel. DI-
VISION OF UNEMPLOYMENT IN-
SURANCE, Appellant,

v.

Forest E. STONE, d/b/a Stone Electric
Company, Appellee.

Court of Appeals of Kentucky.

Sept. 14, 1956.

Rehearing Denied Jan. 25, 1957.

Paul E. Tierney, Samuel H. Cole, Chris-
topher C. Frishe, Frankfort, for appellant.

Maurice H. Harris, Lexington, for ap-
pellee.

CULLEN, Commissioner.

The Division of Unemployment Insur-
ance brought action against Forest E. Stone
to recover $830.53 for contributions and
penalties allegedly due for the years 1949
through 1953 under the Unemployment
Compensation Act, KRS Ch. 341. The
court entered judgment for Stone, and the
Division has moved for an appeal.

■ The alleged liability arises from the
fact that during the year 1948 Stone had in
"covered employment," KRS 341.050(1),
such a number of employes who received
such amounts of wages as to make Stone
a "subject employer," KRS 341.070(1).
Under the terms of the Act, this subjected
Stone to liability for contributions for the
year 1949, and for subsequent years until
request for termination of liability was
made, regardless of the number of employes
and the amounts of wages paid in such
subsequent years. Had Stone not become
subject to the Act in 1948 he would have
had no liability for the subsequent years,
because he employed less than the qualify-
ing number of employes in those years.

The lower court exonerated Stone on the theory that, in a telephone conversation with Mrs. Stone in 1948, an employe of the Division stated that Stone was not subject to the Act. It was the opinion of the court that it would not be "just or fair for the Department to furnish this woman that information and then come in later and try to tax her."

Mrs. Stone testified:

" * * * I called the Division of Unemployment Insurance in Lexington and they told me if we did not have over four men that made over $50.00 in three quarters out of four we were not eligible, and they didn't say anything about me having to file if I wasn't eligible, so I didn't file. * * "

Mrs. Stone did not know with whom she had talked, and she did not testify that she told the person how many employes Stone had or what wages were being paid. Actually, in the second quarter of 1948 there were eight employes, in the third quarter sixteen employes, and in the fourth quarter five employes, who received as much as $50 in wages in the quarters in which they worked.

We do not interpret Mrs. Stone's testimony as stating that the employe of the Division told her that Stone, on the basis of the number of employes he actually had, was not subject to the Act. Rather, the employe merely stated to her the abstract proposition that the Act required that more than four men receive more than $50 in wages in three quarters out of four. Aside from the fact (which here is immaterial) that the requirement is *as many as* four receiving *as much as* $50, KRS 341.070(1), the information given Mrs. Stone was correct. On this information Mrs. Stone chose to place her own interpretation, which was that the Act required that the employes be the *same persons* during three calendar quarters.

 It is very doubtful whether the state government can be estopped by a mistake, unauthorized act or dereliction of duty on the part of an employe. Monticello Electric Light Co. v. City of Monticello, Ky., 259 S.W.2d 486; Taylor v. City of La Grange, 262 Ky. 383, 90 S.W.2d 357; Vaughn v. City of Williamsburg, 245 Ky. 339, 53 S.W.2d 690. Even if an estoppel might be invoked in special circumstances, we think that the case here presented, in which Mrs. Stone has shown only her own misinterpretation of a statement of law by an employe of a state agency, is not one in which to invoke the doctrine.

The motion for an appeal is sustained, and the judgment is reversed, with directions to enter judgment for the plaintiff.